# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> **PARK PLACE DEVELOPMENT PRIMARY, LLC** <br><br> Alleged Debtor. | Chapter 7 (Involuntary) <br><br> Case No. 21-10849 (CSS) |

### DECLARATION OF MATTHEW PARROTT IN SUPPORT OF THE MOTION OF MALAYAN BANK FOR ENTRY OF AN ORDER DISMISSING THE INVOLUNTARY PETITION OR, IN THE ALTERNATIVE, GRANTING CERTAIN OTHER RELIEF

I, Matthew Parrot, Esquire, hereby declare as follows:

1. I am a Partner in the law firm of Fried, Frank, Harris, Shriver & Jacobson, LLP, One New York Plaza, New York, New York 10004, counsel for Malayan Banking Berhad, New York Branch (the "Administrative Agent"), as Administrative Agent for Malayan Banking Berhad, London Branch, Intesa Sanpaolo S.P.A., New York Branch, Warba Bank K.S.C.P., and 45 Park Place Investments, LLC (collectively, the "Lenders"), and have been duly admitted to practice law in the State of New York.

2. I submit this declaration in support of the *Motion for Entry of an Order Dismissing the Involuntary Petition Pursuant to 11 U.S.C. 707(A) and 305(A) or, in the Alternative, for Relief from The Automatic Stay* (the "Motion").

3. I am over the age of 18, competent to testify, and authorized to submit this Declaration on behalf of the Lenders. If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein to the best of my knowledge.

4. The Alleged Debtor obtained financing from the Lenders in the maximum aggregate principal amount of up to $174,000,000.00, consisting of: (i) the Building Facility Agreement pursuant to which the Alleged Debtor borrowed up to a maximum principal amount of $162,112,896.16 (the "Building Facility") and (ii) the Project Facility Agreement pursuant to which the Alleged Debtor borrowed up to a maximum principal amount of $11,887,103.84 (the "Project Facility," and together with the Building Facility, the "Facility Agreements"). Both the Building Facility and the Project Facility were evidenced by notes and secured by duly recorded mortgages (the "Building Facility Notes", the "Building Facility Mortgage and Related Security Documents", the "Project Facility Notes", the "Project Facility Mortgage and Related Security Documents", collectively the "Notes and Mortgages"). The Building Facility Agreement states "the term of the Facility shall expire on the Termination Date, at which time the unpaid Deferred Sales Price and all other sums due and payable under the Notes and other Facility Documents, shall be paid in full." *See* Ex. A. As noted in the Notice of Default (defined below), pursuant to the Building Facility Agreement, the Termination Date was April 26, 2019. Accordingly, the Alleged Debtor was informed that as of April 26, 2019 it was obligated to pay $108,391,832.03 under the notes and other Facility Documents (the "Maturity Amount"). *See* Ex. G. Attached hereto as **Exhibit A** is a true and correct copy of the Building Facility. Attached hereto as **Exhibit B** is a true and correct copy of the Building Facility Notes. Attached hereto as **Exhibit C** is a true and correct copy of the Building Facility Mortgage and Related Security Documents. Attached hereto as **Exhibit D** is a true and correct copy of the Project Facility. Attached hereto as **Exhibit E** is a true and correct copy of the Project Facility Notes. Attached hereto as **Exhibit F** is a true and correct copy of the Project Facility Mortgage and Related Security Documents.

5. The Alleged Debtor failed to repay the Maturity Amount on the Termination Date, which constituted an event of default under the Facility Agreement and mortgages. On or about April 29, 2019, the Lenders provided notice of this event of default (the "Notice of Default"). Attached hereto as **Exhibit G** is a true and correct copy of the Notice of Default. Under the mortgages, the Administrative Agent "shall have the right to foreclose this Mortgage" and compel an auction of the mortgaged property. *See* Ex. C.

6. On or about March 11, 2020, as a result of the Alleged Debtor's default under the governing Facility Documents and the threat to the zoning entitlements for the contemplated project, the Administrative Agent commenced an action in New York State Court (the "State Court") bearing the caption *Malayan Banking Berhad, et al v. Park Place Development Primary LLC, et al*, Index No. 850083/2020 (the "Mortgage Foreclosure Action"). The parties to the Mortgage Foreclosure Action includes the Alleged Debtor and all but one of the Petitioning Creditors. In the Mortgage Foreclosure Action, the Lenders seek to enforce the terms of the Facility Agreements and foreclose upon the mortgages executed in connection therewith following the Alleged Debtor's defaults under the Facility Agreements, and obtain other related relief. Attached hereto as **Exhibit H** is a true and correct copy of the First Amended Verified Complaint.

7. On March 13, 2020, the Court entered the *Ex Parte Order Appointing Temporary Receiver in a Foreclosure Action* (the "Receiver Order"), which granted the Receivership Order appointing Scott E. Mollen, Esq. as Temporary Receiver. The State Court found there was sufficient evidence "to justify the appointment of a Temporary Receiver and that the appointment of a Temporary Receiver is necessary to ensure the mortgaged property and collateral is not lost or materially injured . . . ." The Receiver was appointed with the power and authority to "preserve and conserve the Mortgaged Property, including without limitation taking any and all steps

necessary to protect, preserve, and maintain" the various rights and entitlements associated with the Property." Attached hereto as **Exhibit I** is a true and correct copy of the Receiver Order.

*8.* The Petitioning Creditors have filed answers with cross-claims and counterclaims in the Mortgage Foreclosure Action. On July 31, 2020, Permasteelisa North America Corp. submitted to the Court *Verified Answer of Defendant Permasteelisa North American Corp. to First Amended Verified Compliant, with Cross-Claims and Lien Foreclosure Counterclaim* (the "PNA Answer"). Attached hereto as **Exhibit J** is a true and correct copy of the PNA Answer.

*9.* On August 28, 2020, S&E Bridge & Scaffold LLC submitted to the Court *Verified Answer of Defendant S&E Bridge & Scaffold LLC* (the "S&E Answer"). Attached hereto as **Exhibit K** is a true and correct copy of the S&E Answer.

10. On December 8, 2020, the Ismael Leyva Architect, P.C. submitted to the Court *Verified Answer with Counterclaims and Cross-Claims* (the "Ismael Answer"). Attached hereto as **Exhibit L** is a true and correct copy of the Ismael Answer.

11. On December 9, 2020, Construction Realty Safety Group Inc. and Trade Off Plus, LLC submitted to the Court *Verified Answer, Affirmative Defenses, Counterclaims, and Cross-Claims to First Amended Verified Complaint* (the "CSR and Trade Off Plus Answer"). Attached hereto as **Exhibit M** is a true and correct copy of the CSR and Trade Off Plus Answer.

12. On January 22, 2021, the Lenders moved for summary judgment (the "Summary Judgment Motion") against the various defendants that had answered the operative pleading. The Summary Judgment Motion expressly addressed the issue of the priority of the mechanic's liens,

and addressed why those liens were subordinate to the mortgage. Attached hereto as **Exhibit N** is a true and correct copy of the Summary Judgment Motion.

13. On March 5, 2021, the parties agreed to and submitted to the Court a *Stipulation and [Proposed] Scheduling Order*, and on or about March 8, 2021, the state court *So-ordered the Stipulation and [Proposed] Scheduling Order* (the "So-ordered Proposed Briefing Schedule"). The So-ordered Proposed Briefing Schedule fixed May 26, 2021 as the deadline for the Alleged Debtor and the Petitioning Creditors to respond to the Summary Judgment Motion and file any cross-motions. Attached hereto as **Exhibit O** is a true and correct copy of the So-ordered Proposed Briefing Schedule.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: July 7, 2021

By: _____
Matthew Parrott, Esq.