# EXHIBIT K

Declaration of Matthew Parrott

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------X

MALAYAN BANKING BERHAD, NEW YORK
BRANCH, as Administrative Agent for MALAYAN
BANKING BERHAD, LONDON BRANCH, INTESA
SANPAOLO S.P.A., NEW YORK BRANCH, WARBA,
BANK K.S.C.P., and 45 PARK PLACE INVESTMENTS,
LLC,

                         Plaintiff,

                    -against-

PARK PLACE DEVELOPMENT PRIMARY LLC, PARK
PLACE PARTNERS DEVELOPMENT LLC, 45 PARK
PLACE PARTNERS, LLC, SOHO PROPERTIES
GENERAL PARTNER, LLC, SHARIF EL-GAMAL,
STATE OF NEW YORK CIVIL RECOVERIES BUREAU,
GILBANE RESIDENTIAL CONSTRUCTION LLC, US
CRANE & RIGGING LLC, CONSTRUCTION REALTY
SAFETY GROUP INC., TRADE OFF PLUS, LLC, ALL-
CITY METAL INC., PERMASTEELISA NORTH
AMERICA CORP., TRANSCONTINENTAL STEEL
CORP., ISMAEL LEYVA ARCHITECT, P.C., PERI
FORMWORK SYSTEMS, INC., ULE GROUP CORP.
D/B/A UNITED LIGHTING ELECTRICAL CORP., S&E
BRIDGE & SCAFFOLD LLC, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE,
and JOHN DOES 1-100, the last one hundred names being
fictitious and unknown to plaintiff, the persons or parties
intended being the tenants, occupants, persons or
corporations, if any, having or claiming an interest in or lien
upon the premises described in the complaint,

                         Defendants.

-------------------------------------------------------------------------X

Index No.:  850083/2020

**VERIFIED ANSWER
OF DEFENDANT
S&E BRIDGE &
SCAFFOLD LLC**

 Defendant, S&E Bridge & Scaffold LLC ("S&E"), by its attorneys, Welby, Brady &

Greenblatt, LLP, as and for its Answer, with Affirmative Defenses, Crossclaims and a

Counterclaim, to the Plaintiffs' First Amended Verified Complaint filed herein, dated July

14, 2020 (the "First Amended Complaint"), alleges as follows:

## PRELIMINARY STATEMENT

1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "1" of the First Amended Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "2" of the First Amended Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "3" of the First Amended Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "4" of the First Amended Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "5" of the First Amended Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "6" of the First Amended Complaint.

## PARTIES AND RELEVANT NON-PARTIES

### Plaintiff and the Administrative Agent

7.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "7" of the First Amended Complaint.

### The Financiers

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "8" of the First Amended Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "9" of the First Amended Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "10" of the First Amended Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "11" of the First Amended Complaint.

### The Borrower

12.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "12" of the First Amended Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "13" of the First Amended Complaint.

14.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "14" of the First Amended Complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "15" of the First Amended Complaint.

16.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "16" of the First Amended Complaint.

### The Guarantor Defendants

17.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "17" of the First Amended Complaint.

18.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "18" of the First Amended Complaint.

19.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "19" of the First Amended Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "20" of the First Amended Complaint.

### The New York State Defendant

21.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "21" of the First Amended Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "22" of the First Amended Complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "23" of the First Amended Complaint.

### The Lienholder Defendants

24.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "24" of the First Amended Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "25" of the First Amended Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "26" of the First Amended Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "27" of the First Amended Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "28" of the First Amended Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "29" of the First Amended Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "30" of the First Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "31" of the First Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "32" of the First Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "33" of the First Amended Complaint.

34.     Admits the allegations asserted in paragraph marked "34" of the First Amended Complaint, to the extent that S&E is a New York limited liability company with a place of business located at 700 Commercial Avenue, Ground Floor, Carlstadt, NJ 07072; and that S&E filed against the real property described therein a mechanic's lien on 6/30/2020 having Index No. 502 for $409,118.41, and a second mechanic's lien on 6/30/2020 having Index No. 503 for $90,090.00; and, except as so admitted, denies the remainder of the allegations asserted therein.

**The NYC and NYS Tax Defendants**

35.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "35" of the First Amended Complaint.

**John Doe Defendants**

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "36" of the First Amended Complaint.

**JURISDICTION AND VENUE**

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "37" of the First Amended Complaint.

5

38.     Admits the allegations asserted in paragraph marked "38" of the First Amended Complaint, to the extent that venue is proper in New York County; and, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations asserted therein.

## **FACTUAL BACKGROUND**

### **The Facility Documents**

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "39" of the First Amended Complaint.

### **The Building Facility**

40.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "40" of the First Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "41" of the First Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "42" of the First Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "43" of the First Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "44" of the First Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "45" of the First Amended Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "46" of the First Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "47" of the First Amended Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "48" of the First Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "49" of the First Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "50" of the First Amended Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "51" of the First Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "52" of the First Amended Complaint.

**The Project Facility**

53.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "53" of the First Amended Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "54" of the First Amended Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "55" of the First Amended Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "56" of the First Amended Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "57" of the First Amended Complaint.

7

58.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "58" of the First Amended Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "59" of the First Amended Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "60" of the First Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "61" of the First Amended Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "62" of the First Amended Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "63" of the First Amended Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "64" of the First Amended Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "65" of the First Amended Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "66" of the First Amended Complaint.

**The Guaranties**

67.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "67" of the First Amended Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "68" of the First Amended Complaint.

69.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "69" of the First Amended Complaint.

70.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "70" of the First Amended Complaint.

**The ZLDA**

71.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "71" of the First Amended Complaint.

72.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "72" of the First Amended Complaint.

73.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "73" of the First Amended Complaint.

74.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "74" of the First Amended Complaint.

75.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "75" of the First Amended Complaint.

76.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "76" of the First Amended Complaint.

**Operative Provisions of the Facility Documents**

77.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "77" of the First Amended Complaint.

78.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "78" of the First Amended Complaint.

9

79.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "79" of the First Amended Complaint.

80.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "80" of the First Amended Complaint.

81.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "81" of the First Amended Complaint.

82.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "82" of the First Amended Complaint.

83.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "83" of the First Amended Complaint.

84.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "84" of the First Amended Complaint.

85.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "85" of the First Amended Complaint.

86.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "86" of the First Amended Complaint.

87.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "87" of the First Amended Complaint.

88.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "88" of the First Amended Complaint.

89.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "89" of the First Amended Complaint.

Case 21-10849-CSS    Doc 38-11    Filed 07/08/21    Page 12 of 38

90.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "90" of the First Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "91" of the First Amended Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "92" of the First Amended Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "93" of the First Amended Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "94" of the First Amended Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "95" of the First Amended Complaint.

### The Borrower's Defaults under the Facility Documents

#### *The Maturity Default*

96.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "96" of the First Amended Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "97" of the First Amended Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "98" of the First Amended Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "99" of the First Amended Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "100" of the First Amended Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "101" of the First Amended Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "102" of the First Amended Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "103" of the First Amended Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "104" of the First Amended Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "105" of the First Amended Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "106" of the First Amended Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "107" of the First Amended Complaint.

*The Sales Milestones Three Letter of Credit Default*

108.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "108" of the First Amended Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "109" of the First Amended Complaint.

110.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "110" of the First Amended Complaint.

12

111.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "111" of the First Amended Complaint.

112.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "112" of the First Amended Complaint.

113.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "113" of the First Amended Complaint.

114.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "114" of the First Amended Complaint.

115.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "115" of the First Amended Complaint.

116.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "116" of the First Amended Complaint.

117.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "117" of the First Amended Complaint.

118.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "118" of the First Amended Complaint.

119.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "119" of the First Amended Complaint.

120.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "120" of the First Amended Complaint.

### *The Unauthorized Mezzanine Facility Increase Defaults*

121.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "121" of the First Amended Complaint.

13

122.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "122" of the First Amended Complaint.

123.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "123" of the First Amended Complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "124" of the First Amended Complaint.

125.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "125" of the First Amended Complaint.

126.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "126" of the First Amended Complaint.

127.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "127" of the First Amended Complaint.

128.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "128" of the First Amended Complaint.

129.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "129" of the First Amended Complaint.

130.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "130" of the First Amended Complaint.

131.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "131" of the First Amended Complaint.

132.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "132" of the First Amended Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "133" of the First Amended Complaint.

134.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "134" of the First Amended Complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "135" of the First Amended Complaint.

### *The Liquidity Covenant Event of Default*

136.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "136" of the First Amended Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "137" of the First Amended Complaint.

138.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "138" of the First Amended Complaint.

139.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "139" of the First Amended Complaint.

140.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "140" of the First Amended Complaint.

141.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "141" of the First Amended Complaint.

142.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "142" of the First Amended Complaint.

143.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "143" of the First Amended Complaint.

144.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "144" of the First Amended Complaint.

145.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "145" of the First Amended Complaint.

146.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "146" of the First Amended Complaint.

### *The Construction Events of Default*

147.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "147" of the First Amended Complaint.

148.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "148" of the First Amended Complaint.

149.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "149" of the First Amended Complaint.

150.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "150" of the First Amended Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "151" of the First Amended Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "152" of the First Amended Complaint.

153.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "153" of the First Amended Complaint.

154.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "154" of the First Amended Complaint.

155.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "155" of the First Amended Complaint.

156.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "156" of the First Amended Complaint.

157.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "157" of the First Amended Complaint.

158.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "158" of the First Amended Complaint.

159.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "159" of the First Amended Complaint.

160.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "160" of the First Amended Complaint.

161.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "161" of the First Amended Complaint.

162.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "162" of the First Amended Complaint.

163.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "163" of the First Amended Complaint.

164.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "164" of the First Amended Complaint.

165.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "165" of the First Amended Complaint.

### Mechanics' Liens Default

166.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "166" of the First Amended Complaint.

167.    Admits the allegations asserted in paragraph marked "167" of the First Amended Complaint.

168.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "168" of the First Amended Complaint.

169.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "169" of the First Amended Complaint.

170.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "170" of the First Amended Complaint.

171.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "171" of the First Amended Complaint.

172.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "172" of the First Amended Complaint.

173.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "173" of the First Amended Complaint.

174.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "174" of the First Amended Complaint.

### The ZLDA Defaults

175.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "175" of the First Amended Complaint.

18

176.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "176" of the First Amended Complaint.

177.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "177" of the First Amended Complaint.

178.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "178" of the First Amended Complaint.

179.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "179" of the First Amended Complaint.

180.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "180" of the First Amended Complaint.

181.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "181" of the First Amended Complaint.

182.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "182" of the First Amended Complaint.

183.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "183" of the First Amended Complaint.

184.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "184" of the First Amended Complaint.

185.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "185" of the First Amended Complaint.

186.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "186" of the First Amended Complaint.

187.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "187" of the First Amended Complaint.

188.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "188" of the First Amended Complaint.

189.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "189" of the First Amended Complaint.

190.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "190" of the First Amended Complaint.

191.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "191" of the First Amended Complaint.

### *Failure to Pay Expenses*

192.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "192" of the First Amended Complaint.

193.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "193" of the First Amended Complaint.

194.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "194" of the First Amended Complaint.

195.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "195" of the First Amended Complaint.

196.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "196" of the First Amended Complaint.

197.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "197" of the First Amended Complaint.

198.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "198" of the First Amended Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION
### (Foreclosure of the Mortgages)

199.    Repeats and realleges each and every response to those allegations asserted in paragraph marked "199" of the First Amended Complaint.

200.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "200" of the First Amended Complaint.

201.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "201" of the First Amended Complaint.

202.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "202" of the First Amended Complaint.

203.    Admits the allegations asserted in paragraph marked "203" of the First Amended Complaint, to the extent that S&E claims two mechanic's liens upon the real property described therein; and, except as so admitted, denies that S&E's mechanic's liens are subordinate to any party's interests in this action.

204.    Denies the allegations asserted in paragraph marked "204" of the First Amended Complaint.

205.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "205" of the First Amended Complaint; except admits that S&E seeks to foreclose in this action its mechanic's liens against the real property described therein.

206.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "206" of the First Amended Complaint.

21

207.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "207" of the First Amended Complaint.

208.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "208" of the First Amended Complaint.

209.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "209" of the First Amended Complaint.

210.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "210" of the First Amended Complaint.

211.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "211" of the First Amended Complaint.

212.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "212" of the First Amended Complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "213" of the First Amended Complaint.

214.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "214" of the First Amended Complaint.

215.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "215" of the First Amended Complaint.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION
### (Foreclosure on Security Agreements)

216.    Repeats and realleges each and every response to those allegations asserted in paragraph marked "216" of the First Amended Complaint.

22

217.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "217" of the First Amended Complaint.

218.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "218" of the First Amended Complaint.

219.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "219" of the First Amended Complaint.

220.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "220" of the First Amended Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION
### (Enforcement, or Alternatively, Foreclosure of Assignment of Rents and Leases)

221.    Repeats each and every response to those allegations asserted in paragraph marked "221" of the First Amended Complaint.

222.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "222" of the First Amended Complaint.

223.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "223" of the First Amended Complaint.

224.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "224" of the First Amended Complaint.

225.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "225" of the First Amended Complaint.

226.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "226" of the First Amended Complaint.

227.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "227" of the First Amended Complaint.

228.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "228" of the First Amended Complaint.

229.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "229" of the First Amended Complaint.

### AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION
**(Deficiency Judgment)**

230.    Repeats each and every response to those allegations asserted in paragraph marked "230" of the First Amended Complaint.

231.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "231" of the First Amended Complaint.

232.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "232" of the First Amended Complaint.

233.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "233" of the First Amended Complaint.

234.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "234" of the First Amended Complaint.

235.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "235" of the First Amended Complaint.

236.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "236" of the First Amended Complaint.

237.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "237" of the First Amended Complaint.

238.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "238" of the First Amended Complaint.

239.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "239" of the First Amended Complaint.

240.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "240" of the First Amended Complaint.

241.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "241" of the First Amended Complaint.

242.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "242" of the First Amended Complaint.

243.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in paragraph marked "243" of the First Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

244.    Upon information and belief, Plaintiff's claims as against S&E are barred, in whole or in part, by Plaintiff's failure to abide by the Lien Law of the State of New York, with the result that any interest of Plaintiff in and to the subject "Mortgaged Property" is subordinate, junior, and inferior to the interests of S&E, as described herein below.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

245.    Upon information and belief, the "Affidavit" Pursuant to Lien Law $ 22, sworn to by Sharif El-Gamal on behalf of Park Place Development Primary LLC ("Park Place Development"), became materially false after the date of filing in that it overstated the net sum available to the borrower for the Project (as defined further herein), by virtue of loan proceeds being advanced under the alleged building loan agreement for costs other than "costs for improvement" as defined in Lien Law $ 2, or otherwise contrary to the itemization set forth in such "Affidavit."

25

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

246.    To the extent that the Building Facility Agreement defined in the First Amended Verified Complaint constitutes a "building loan contract" within the meaning of Lien Law $ 2 (13), such agreement was, upon information and belief, materially modified with respect to the net sum available to Park Place Development for the Project, but such modification(s) were not filed with the Clerk of New York County as required by Lien Law $ 22.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

247.    Upon information and belief, Plaintiff s claims are barred, in whole or in part, by its own breach of contract and other culpable conduct.

## AS AND FOR A FIRST CROSSCLAIM BY S&E AGAINST GILBANE RESIDENTIAL CONTRUCTION LLC
## (Breach of Contract)

248.    S&E was and is a domestic limited liability company duly organized and existing by virtue of the laws of the State of New York, with its principal place of business located at 700 Commercial Avenue, Ground Floor, Carlstadt, NJ 07072.

249.    Upon information and belief, Defendant Gilbane Residential Construction, LLC ("Gilbane") was and is a foreign limited liability company organized and existing by virtue of the laws of the State of Delaware, with a place of business located at 88 Pine Street, New York, New York 10005; and is authorized to conduct business in the State of New York as a foreign business company.

250.    Pursuant to CPLR § 302(a)(1) and (4), this Court has personal jurisdiction over Gilbane as it transacts business within the State of New York; and contracted with S&E (as set forth more fully below) to supply goods and/or services in the State of New York.

251.    On or about August 9, 2016, S&E and Gilbane entered into a written agreement, pursuant to which S&E agreed to furnish labor, materials and equipment for work, including the installation and dismantling of hoists, roof protection shed, gate, fence, overhead protector and scaffold, at a project known as 43 and 45 Park Place, located in the Borough of Manhattan, City of New York, County of New York and State of New York, situated at Block 126, Lots 8 & 9 on the tax maps of New York County (the "Project"), for payment of the agreed upon amount of $2,199,000.00 (the "Agreement").

252.    S&E performed all of its obligations on its part to be performed pursuant to the Agreement, so that the sum of $2,199,000.00 became due and owing to S&E for the labor it performed and the materials it furnished to Gilbane for the Project.

253.    Gilbane has breached the Agreement by failing to pay S&E for all of the labor performed and materials and equipment furnished by S&E for the Project, leaving a balance due and owing to S&E from Gilbane of $409,118.41, no part of which has been paid, although duly demanded.

254.    By reason of the above, S&E has been damaged and demands judgment against Gilbane in the amount of $409,118.41, along with interest thereon.

255.    S&E hereby demands an answer to this CrossClaim.

### AS AND FOR A SECOND CROSSCLAIM BY S&E AGAINST GILBANE
### (Unjust Enrichment)

256.    S&E repeats, reiterates and realleges each and every allegation contained in paragraphs "248" through "254" above, with the same force and effect as though more fully set forth at length herein.

27

257.    From on or about and between September 19, 2017 and December 5, 2019, S&E, at the specific instance and request of Gilbane, furnished certain labor, materials and equipment for the installation of hoists and sidewalk bridges at the Project, having a reasonable value of $2,199,000.00.

258.    S&E furnished the labor, materials and equipment to Gilbane with an expectation of being paid.

259.    There remains due and owing from Gilbane to S&E the sum of $409,118.41, no part of which has been paid by Gilbane, although duly demanded.

260.    Gilbane has been unjustly enriched in the amount of $409,118.41, by retaining the benefits of the labor performed and materials and equipment furnished by S&E for the Project, without having paid for said labor, materials and equipment.

261.    By reason of the above, S&E has been damaged and demands judgment against Gilbane in the amount of $409,118.41, along with interest thereon.

262.    S&E hereby demands an answer to this CrossClaim.

**AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFF AND THIRD
CROSSCLAIM BY S&E AGAINST ALL DEFENDANTS
(Foreclosure of Mechanic's Lien)**

263.    S&E repeats, reiterates and realleges each and every allegation contained in paragraphs "248" through "254" and paragraphs "257" through "261" above, with the same force and effect as though more fully set forth at length herein.

264.    Upon information and belief, defendants Park Place Partners Development LLC and/or Park Place Development Primary LLC (collectively, "Park Place") is a foreign limited liability company organized and existing by virtue of the laws of the State of Delaware,

with a place of business located New York County, New York; and is authorized to conduct business in the State of New York as a foreign business company.

265.    Defendant Park Place is the owner of the fee of the Project, which is situated at Block 126, Lots 8 & 9; is and more commonly known as 43 and 45 Park Place, located in the Borough of Manhattan, City of New York, County of New York and State of New York (the "Property"); and, as such, this Court has personal jurisdiction over Defendant Park Place.

266.    Upon information and belief, Defendant Gilbane entered into an agreement with Defendant Park Place to perform certain construction work for the Property, in consideration for payment of valuable consideration.

267.    The work performed by S&E, and the materials and equipment furnished by S&E were for the improvement of the Property and were performed and furnished with the knowledge and consent of Defendants Gilbane and Park Place.

268.    Within eight months after the completion of its work, S&E, on or about June 30, 2020, pursuant to the Lien Law, filed with the Clerk of New York County, wherein the Property is situated, a verified Notice of Mechanic's Lien, in writing, claiming the sum of $409,118.41 (the "First Notice of Mechanic's Lien"), said amount being owed to S&E by Defendants Gilbane and Park Place for the improvements to the Property, as of the date the First Notice of Mechanic's Lien was filed, a copy of which is attached hereto as Exhibit "A".

269.    On or about June 19, 2020, S&E caused a copy of said First Notice of Mechanic's Lien to be served upon Defendants Gilbane and Park Place, in accordance with the Lien Law.

Case 21-10849-CSS   Doc 38-11   Filed 07/08/21   Page 31 of 38

270.     On or about June 30, 2020, pursuant to the Lien Law, proof of service of said First Notice of Mechanic's Lien was timely filed with the New York County Clerk's office, a copy of which is attached hereto as Exhibit "B".

271.     At the time of the filing of S&E's First Notice of Mechanic's Lien, there was due and owing from Defendant Park Place to Defendant Gilbane and, in turn, from Defendant Gilbane to S&E, a sum in excess of or equal to the amount of S&E's First Notice of Mechanic's Lien.

272.     Said First Notice of Mechanic's Lien has not been paid, waived, cancelled, or discharged in whole or in part and no action, either at law or in equity has been brought to recover thereon.

273.     Upon information and belief, all of the named parties in this action, including Plaintiff and the other defendants, have or claim to have some interest in or lien upon the Property, which interest or lien, if any, is subsequent and subordinate to S&E's First Notice of Mechanic's Lien.

274.     Upon information and belief, no other persons and/or entities other than the named parties in this action have or claim to have a lien against or interest in the Property.

275.     S&E hereby demands an answer to this CrossClaim from Defendants Gilbane and Park Place.

## AS AND FOR A FOURTH CROSSCLAIM BY S&E AGAINST PARK PLACE
### (Breach of Contract)

276.     S&E repeats, reiterates and realleges each and every allegation contained in paragraphs "248" through "275" above, with the same force and effect as though more fully set forth at length herein.

277.    On or about December 5, 2019, S&E and Park Place entered into an agreement, pursuant to which S&E agreed to furnish labor, materials and equipment for work, including the installation and dismantling of hoists, roof protection shed, gate, fence, overhead protector and scaffold, for the Project, for payment of the agreed upon amount of $90,090.00 (the "Park Place Agreement").

278.    S&E performed all of its obligations on its part to be performed pursuant to the Park Place Agreement, so that the sum of $90,090.00 became due and owing to S&E for the labor it performed and the materials it furnished to Park Place for the Project.

279.    Park Place has breached the Park Place Agreement by failing to pay S&E for all of the labor performed and materials and equipment furnished by S&E for the Project, leaving a balance due and owing to S&E from Gilbane of $90,090.00, no part of which has been paid, although duly demanded.

280.    By reason of the above, S&E has been damaged and demands judgment against Park Place in the amount of $90,090.00, along with interest thereon.

281.    S&E hereby demands an answer to this CrossClaim.

### AS AND FOR A FIFTH CROSSCLAIM BY S&E AGAINST PARK PLACE
### (Unjust Enrichment)

282.    S&E repeats, reiterates and realleges each and every allegation contained in paragraphs "248" through "281" above, with the same force and effect as though more fully set forth at length herein.

283.    From on or about and between December 5, 2019 and June 6, 2020, S&E, at the specific instance and request of Park Place, furnished certain labor, materials and equipment for

31

the installation of hoists and sidewalk bridges at the Project, having a reasonable value of $90,090.00.

284.    S&E furnished the labor, materials and equipment to Park Place with an expectation of being paid.

285.    There remains due and owing from Park Place to S&E the sum of $90,090.00, no part of which has been paid by Park Place, although duly demanded.

286.    Park Place has been unjustly enriched in the amount of $90,090.00, by retaining the benefits of the labor performed and materials and equipment furnished by S&E for the Project, without having paid for said labor, materials and equipment.

287.    By reason of the above, S&E has been damaged and demands judgment against Park Place in the amount of $90,090.00, along with interest thereon.

288.    S&E hereby demands an answer to this CrossClaim.

**AS AND FOR A SECOND COUNTERCLAIM AGAINST PLAINTIFF AND SIXTH
CROSSCLAIM BY S&E AGAINST ALL DEFENDANTS
(Foreclosure of Mechanic's Lien)**

289.    S&E repeats, reiterates and realleges each and every allegation contained in paragraphs "248" through "288" above, with the same force and effect as though more fully set forth at length herein.

290.    The work performed by S&E, and the materials and equipment furnished by S&E were for the improvement of the Property and were performed and furnished with the knowledge and consent of Park Place.

291.    Within eight months after the completion of its work, S&E, on or about June 30, 2020, pursuant to the Lien Law, filed with the Clerk of New York County, wherein the Property is situated, a verified Notice of Mechanic's Lien, in writing, claiming the sum of

$90,090.00 (the "Second Notice of Mechanic's Lien"), said amount being owed to S&E by Park Place for the improvements to the Property, as of the date the Second Notice of Mechanic's Lien was filed, a copy of which is attached hereto as Exhibit "C".

292.    On or about June 19, 2020, S&E caused a copy of said Second Notice of Mechanic's Lien to be served upon Park Place, in accordance with the Lien Law.

293.    On or about June 30, 2020, pursuant to the Lien Law, proof of service of said Second Notice of Mechanic's Lien was timely filed with the New York County Clerk's office, a copy of which is attached hereto as Exhibit "D".

294.    At the time of the filing of S&E's Second Notice of Mechanic's Lien, there was due and owing from Park Place to S&E, a sum in excess of or equal to the amount of S&E's Second Notice of Mechanic's Lien.

295.    Said Second Notice of Mechanic's Lien has not been paid, waived, cancelled, or discharged in whole or in part and no action, either at law or in equity has been brought to recover thereon.

296.    Upon information and belief, all of the named parties in this action, including Plaintiff and the other defendants, have or claim to have some interest in or lien upon the Property, which interest or lien, if any, is subsequent and subordinate to S&E's Second Notice of Mechanic's Lien.

297.    Upon information and belief, no other persons and/or entities other than the named parties in this action have or claim to have a lien against or interest in the Property.

298.    S&E hereby demands an answer to this CrossClaim from Park Place.

**WHEREFORE**, Defendant S&E Bridge & Scaffold LLC demands judgment as follows:

1.    Dismissing the Plaintiff's First Amended Complaint;

INDEX NO. 850083/2020
Case 21-10849-CSS   Doc 38-11   Filed 07/08/21   Page 35 of 38 RECEIVED NYSCEF: 08/28/2020

2.       On the First Crossclaim, judgment against Defendant Gilbane Residential Construction, LLC, in the amount of $409,118.41, along with interest thereon;

3.       On the Second Crossclaim, judgment against Defendant Gilbane Residential Construction, LLC, in the amount of $409,118.41, along with interest thereon;

4.       On the Fourth Crossclaim, judgment against Defendants Park Place Partners Development LLC and/or Park Place Development Primary LLC, in the amount of $90,090.00, along with interest thereon;

5.       On the Fifth Crossclaim, judgment against Defendants Park Place Partners Development LLC and/or Park Place Development Primary LLC, in the amount of $90,090.00, along with interest thereon;

6.       On the First and Second Counterclaims and Third and Sixth Crossclaims, judgment against all parties, including Plaintiff, as follows:

a.       Adjudging that the First and Second Notice of Mechanic's Lien filed by S&E Bridge & Scaffold LLC are good, valid and subsisting liens in the amounts of $409,118.41 and $90,090.00, respectively, with interest thereon;

b.       Determining and adjusting the equities of the parties to this action;

c.       That the plaintiff and defendants, and all persons claiming under them or either of them or any of them subsequent to the filing of the Notice of Pendency in this action in the office of the Clerk of the County of New York in which said Property is situate, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, filed, or docketed, be forever barred and foreclosed of all right, claim, lien, and equity of redemption in said real property or any part thereof;

34

d.     That the interests of Defendants Park Place Partners Development LLC and/or Park Place Development Primary LLC in the Property may be decreed to be sold according to law;

e.     That the moneys arising from said sale may be brought into Court;

f.     That S&E Bridge & Scaffold LLC be paid therefrom the amount adjudged to be due to S&E Bridge & Scaffold LLC, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of such sale, so far as the amount of such money properly applicable thereto will pay the same;

g.     That Defendants Park Place Partners Development LLC and/or Park Place Development Primary LLC be adjudged to pay any deficiency which may remain after applying all of such moneys so applicable thereto;

h.     That if it is determined that S&E Bridge & Scaffold LLC does not have a valid and subsisting lien, then S&E Bridge & Scaffold LLC have judgment against Defendants Gilbane Residential Construction, LLC, Park Place Partners Development LLC and/or Park Place Development Primary LLC, in the amounts of $409,118.41 and $90,090.00, respectively, with interest thereon, together with the costs and disbursements of this action; and

7.     The costs and disbursements of this action, along with such other and further relief as to this Court may seem just, proper and equitable in the circumstances.

Dated:  White Plains, New York
            August 28, 2020

35

WELBY, BRADY & GREENBLATT, LLP

By: _____
      */s/ Michael I. Silverstein*

Michael I. Silverstein, Esq.
*Attorneys for Defendant*
*S&E Bridge & Scaffold LLC*
11 Martine Avenue, 15th Floor
White Plains, New York 10606
Tel: (914) 428-2100
Email: msilverstein@wbgllp.com

To:    Matthew D. Parrott, Esq.
       FRIED, FRANK, HARRIS, SHRIVER
          & JACOBSON LLP
       *Attorneys for Plaintiff Malayan Banking*
       *Berhad, New York Branch, as Administrative*
       *Agent for Malayan Banking Berhad,*
       *London Branch, Intesa Sanpaolo S.P.A.,*
       *New York Branch, Warba Bank Sanpaolo S.P.A.,*
       *New York Branch, Warba Bank K.S.C.P., and*
       *45 Park Place Investments, LLC*
       One New York Plaza
       New York, New York 10004-1980
       Tel: (212) 859-8000
       Email: m.parrott@friedfrank.com

       And Counsel for All Parties, via NYSCEF

36

## ATTORNEY VERIFICATION

Michael I. Silverstein, an attorney duly admitted to practice law in the state of New York, hereby affirms as follows:

I am an associate of Welby, Brady & Greenblatt, LLP, attorneys of record for S&E Bridge & Scaffold LLC, one of the named Defendants in the within action.

I have read the foregoing Answer and know the contents thereof; that the same are true to my own knowledge except as to those matters alleged therein to be on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not by S&E Bridge & Scaffold LLC is because S&E Bridge & Scaffold LLC does not reside or have an office within the County in which I have my office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  conferences with my client and the examination of various documents in my client's possession which concern this matter.

Dated: White Plains, New York
   August 28, 2020

          */s/ Michael I. Silverstein*
          Michael I. Silverstein