# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**PARK PLACE DEVELOPMENT PRIMARY, LLC**<br><br>Alleged Debtor. | Chapter 7 (Involuntary)<br><br>Case No. 21-10849 (CSS)<br><br><u>Objection Deadline:</u> July 29, 2021 at 4:00 p.m. (ET)<br><u>Hearing Date:</u> August 18, 2021 at 11:00 a.m. (ET)<br>Ref. Docket No. 37 |

### MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE LENDERS TO FILE UNDER SEAL EXHIBIT "B" TO CASSON DECLARATION IN SUPPORT OF THE MOTION FOR ENTRY OF AN ORDER DISMISSING THE INVOLUNTARY PETITION PURSUANT TO 11 U.S.C. 707(a) AND 305(a) OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(1), (2)

Malayan Banking Berhad, New York Branch (the "<u>Administrative Agent</u>"), as Administrative Agent for Malayan Banking Berhad, London Branch, Intesa Sanpaolo S.P.A., New York Branch, Warba Bank K.S.C.P., and 45 Park Place Investments, LLC (collectively with the Administrative Agent, the "<u>Lenders</u>") respectfully states as follows in support of this motion (this "<u>Motion</u>"):

### Relief Requested

1. On July 8, 2021, the Lenders filed the *Motion for Entry of an Order Dismissing the Involuntary Petition Pursuant to 11 U.S.C. 707(a) and 305(a) or, in the Alternative, Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1), (2)* [Docket No. 35] (the "<u>Motion to Dismiss</u>")[1] and several declarations in support thereof including the *Declaration of Justin Casson in Support of Motion for Entry of an Order Dismissing the Involuntary Petition Pursuant to 11 U.S.C. 707(a) and 305(a) or, in the Alternative, Granting Relief from the Automatic Stay*

---

[1] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Casson Declaration.

*Pursuant to 11 U.S.C. 362(d)(1), (2)* [Docket No. 37] (the "Casson Declaration"). Attached to the Casson Declaration as Exhibit B is a redacted version of an appraisal report of 43 Park Place, New York, NY prepared by CBRE, Inc. (the "Appraisal Report"). Portions of the Appraisal Report were redacted because the information was provided to the Lenders by the Alleged Debtor, and out of an abundance of caution, the Lenders filed a redacted version of the Appraisal Report due to concern that confidential and proprietary information may be contained therein. After filing the Motion, the Lenders contacted counsel for the Alleged Debtor to obtain consent to file an unredacted version of the Appraisal Report. Counsel for the Alleged Debtor advised that they did not consent. Accordingly, the Lenders seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Lenders to file under seal the unredacted copy of the Appraisal Report. The Lenders have provided or will provide the unredacted Appraisal Report upon request, and on a highly confidential basis, to: (a) the Court; (b) the United States Trustee for the District of Delaware (the "U.S. Trustee"); (c) counsel to the Alleged Debtor; and (d) counsel to the Petitioning Creditors ((a) through (d), collectively, the "Disclosure Parties"). In further support of this Motion, the Lenders respectfully state as follows:

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Lenders confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot

2

enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9018, and Local Rule 9018-1.

## Background

5. On May 24, 2021 (the "Petition Date"), Permasteelisa North America Corp., Construction Realty Safety Group Inc., Trade Off Plus, LLC, Domani Inspection Services, Inc., S&E Bridge & Scaffold LLC, and Ismael Leyva Architect, P.C. (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against Park Place Development Primary, LLC (the "Alleged Debtor").

6. On July 8, 2021, the Lenders filed the Dismissal Motion.

7. Certain portions of the Appraisal Report were redacted because the information was provided to the Lenders by the Alleged Debtor and the Lenders did not want to publicly file such information if the Alleged Debtors believed the information was confidential and proprietary. Counsel for the Alleged Debtor has advised the Lenders that they believe the information is confidential and proprietary and do not consent to it being filed publicly. Accordingly, the Lenders seek an order authorizing the filing of the unredacted Appraisal Report under seal.

## Basis for Relief

8. The Bankruptcy Code and the Bankruptcy Rules give the Court specific authority to grant the Lenders request to file under seal commercially sensitive and personal information contained in the Appraisal Report. The Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall protect an entity with respect to a trade secret or confidential

research, development, or commercial information." 11 U.S.C. § 107(b)(1). Moreover, section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C.§ 105(a).

9.  Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. The rule provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Further, Local Rule 9018-l(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See*, *e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar Mor, Inc. v. Defendants Named Under Seal (In re Phar Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting interested party and [the court] has no discretion to deny the application." *Orion Pictures Corp.*, 21 F.3d at 27.

11. Moreover, granting a sealing order is well within this Court's discretion. *See In re Ionosphere Clubs Inc.*, 156 B.R. 414, 434 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994); *see also In re Cont'l Airlines*, 150 B.R. 334, 336 (Bankr. D. Del. 1993). Under the plain language of section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, and in light of the Court's

broad equitable powers under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," the requested relief should be granted.

12. Section 107(b) requires courts to protect confidential commercial information. *In re Frontier Grp., LLC*, 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000). This Court has defined commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor,'" the disclosure of which "[must] reasonably be expected to cause the entity commercial injury," and "is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (MFW) (internal citations omitted).

13. The Alleged Debtor's claim, and the Lenders currently have no basis of information to contest, that the information in the Appraisal Report consists of private, commercial, and sensitive information that could give a competitor an unfair advantage to the detriment of the Alleged Debtor's business.

14. Section 107(b)'s protections extend to "confidential . . . commercial information" whose disclosure "would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (citing *Orion Pictures*, 21 F.3d at 27–28); *Alterity*, 2015 WL 10963572, at *3; *see In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). "Commercial information" in this context need not rise to the level of a trade secret in order to

warrant protection. *See Orion Pictures*, 21 F.3d at 27–28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature); *accord Altegrity*, 2015 WL 10963572, at *3 (citing *Orion Pictures*).

15. Because the Appraisal Report contain information that the Alleged Debtor believes is confidential and competitively sensitive commercial information, the Lenders submit that they should be authorized to file the Appraisal Report under seal. The Lenders submit that other parties in interest will not be materially prejudiced because the unredacted Appraisal Report, in its entirety, will be reviewed by the Court and the Disclosure Parties.

16. Accordingly, the Lenders respectfully submit that cause exists under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for the Lenders to file the C Appraisal Report under seal, subject to disclosure to the Disclosure Parties.

**Certification Per Local Rule 9018-1(d)**

17. Pursuant to Local Rule 9018-1(d), counsel for the Lenders certifies that since filing the Motion to Dismiss and the Casson Declaration, they discussed the redactions to the Appraisal Report with the counsel for the Alleged Debtors, the "Holders of Confidentiality Rights" (as such term is defined in Local Rule 9018-1) and have been unable to reach agreement concerning what information contained in the Exhibit B to the Casson Declaration must remain sealed from public view.

**Notice**

18. The Lenders will provide notice of this Motion to: (a) the United States Trustee for the District of Delaware, (b) counsel for the Alleged Debtor, (c) counsel for the Petitioning Creditors, and (d) all parties who have filed appearances in the involuntary chapter 7 case. The

Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

19.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: July 15, 2021

/s/ Laura Davis Jones
Laura Davis Jones, Esq. (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
          joneill@pszjlaw.com

-and-

Gary L. Kaplan, Esq. (admitted pro hac vice)
Matthew D. Parrott, Esq. (admitted pro hac vice)
Andrew M. Minear, Esq. (admitted pro hac vice)
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004
Telephone:    (212) 859-8000
Facsimile:    (212) 859-4000
Email: Gary.Kaplan@friedfrank.com
       Matthew.Parrott@friedfrank.com
       Andrew.Minear@friedfrank.com

Counsel for Malayan Banking Berhad, New York Branch, as Administrative Agent for Malayan Banking Berhad, London Branch, Intesa Sanpaolo S.P.A., New York Branch, Warba Bank K.S.C.P., and 45 Park Place Investments, LLC