# Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**PARK PLACE DEVELOPMENT PRIMARY, LLC**<br><br>Alleged Debtor. | **Chapter 7 (Involuntary)**<br><br>**Case No. 21-10849 (CSS)**<br><br>Ref. Docket Nos. 37 and ____ |

**ORDER AUTHORIZING THE LENDERS TO FILE UNDER SEAL EXHIBIT "B" TO CASSON DECLARATION IN CONNECTION WITH THE MOTION FOR ENTRY OF AN ORDER DISMISSING THE INVOLUNTARY PETITION PURSUANT TO 11 U.S.C. 707(a) AND 305(a) OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. 362(d)(1), (2)**

Upon the motion (the "Motion") of Malayan Banking Berhad, New York Branch (the "Administrative Agent"), as Administrative Agent for Malayan Banking Berhad, London Branch, Intesa Sanpaolo S.P.A., New York Branch, Warba Bank K.S.C.P., and 45 Park Place Investments, LLC (collectively with the Administrative Agent, the "Lenders") for entry of an order authorizing the Lenders to under seal the unredacted Appraisal Report attached as Exhibit B to the *Declaration of Justin Casson in Connection with the Motion for Entry of an Order Dismissing the Involuntary Petition Pursuant to 11 U.S.C. 707(a) and 305(a) or, in the Alternative, Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1), (2)* [Docket No. 37] (the "Casson Declaration"), all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Alleged Debtor having confirmed their consent to the entry of final orders or judgment by this Court pursuant to

Bankruptcy Rule 7008 and rule 9013-1(f) of the Local Rules; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Alleged Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Lenders' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Lenders are authorized to file the Appraisal Report under seal and such seal shall be maintained pursuant to Local Rule 9018-1. The information contained in the Appraisal Report shall remain strictly confidential and under seal, and use of such information shall be subject to Local Rule 9018-1(e).

3. The Lenders will provide the unredacted Appraisal Report upon request and on a highly confidential basis, to: (a) the Court; (b) the U.S. Trustee; (c) counsel for the Alleged Debtor, and (d) with the consent of the Alleged Debtor or at the direction of the Court, to counsel for the Petitioning Creditors. Such parties shall be bound by this order and shall at all times keep the information contained in the Appraisal Report strictly confidential and shall not disclose such information to any party whatsoever without the consent of the Lenders.

4. The Lenders and any party authorized to receive the information contained in the Appraisal Report pursuant to this order shall be authorized and directed, subject to Local Rule

9018-1(c), to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in this chapter 7 cases or to refer to this Order and the Appraisal Report as needed.

5. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order are immediately effective and enforceable upon its entry.

7. The Lenders are authorized to take all actions necessary to effectuate the relief granted in this order in accordance with the Motion.

8. The Alleged Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.