# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PARK PLACE DEVELOPMENT PRIMARY, LLC,[1] | Case No. 21-10849 (CSS) |
| Alleged Debtor. | **Objection Deadline:** July 22, 2021 at 4:00 p.m. (ET) <br> **Hearing Date:** August 18, 2021 at 11:00 a.m. (ET) |
| | Re: D.I. 35 |

## RESPONSE AND LIMITED OBJECTION OF THE ALLEGED DEBTOR TO LENDERS' MOTION FOR ENTRY OF AN ORDER DISMISSING THE INVOLUNTARY PETITION PURSUANT TO 11 U.S.C. 707(a) AND 305(a) OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(1), (2)

Park Place Development Primary, LLC (the "Alleged Debtor"), through its undersigned counsel, hereby files this response and limited objection (the "Response") to the *Motion for Entry of an Order Dismissing the Involuntary Petition Pursuant to 11 U.S.C. 707(a) and 305(a) or, in the Alternative, Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1), (2)* (D.I. 35) (the "Motion")[2] filed by Malayan Banking Berhad, New York Branch (the "Administrative Agent"), as Administrative Agent for Malayan Banking Berhad, London Branch, Intesa Sanpaolo S.P.A., New York Branch, Warba Bank K.S.C.P., and 45 Park Place Investments, LLC (collectively with the Administrative Agent, the "Lenders"). In support of this Response, the Alleged Debtor respectfully states as follows:

---

[1] The last four digits of the Alleged Debtor's U.S. tax identification number is 1708. The address of the Alleged Debtor's corporate headquarters is: 31 West 27th Street, 9th Floor, New York, NY 10001.

[2] Capitalized terms used but not defined herein shall be ascribed the definitions set forth in the Motion.

# RESPONSE

I. **The Lenders' Motion Should be Granted But Without Prejudice to the Alleged Debtor And With Prejudice as to the Petitioning Creditors**

1. Although the Alleged Debtor disagrees with various assertions[3] in the Motion, the Alleged Debtor joins in the Lenders' ultimate requested relief of dismissal of the Involuntary Petition either under section 707(a) or 305(a) of the Bankruptcy Code based on the Petitioning Creditors' bad faith and the Involuntary Petition lacking a valid bankruptcy purpose as it was filed merely as a litigation tactic.

2. The Lenders, however, request that the Involuntary Petition be dismissed with prejudice,[4] under section 349(a) of the Bankruptcy Code, as to not only the Petitioning Creditors but also the Alleged Debtor. *See* Motion, ¶ 50. Specifically, the Lenders request that the Alleged Debtor and Petitioning Creditors be prohibited from filing another petition under any chapter of the Bankruptcy Code for six months after entry of an order dismissing the Involuntary Petition (without first obtaining leave from this Court on notice to the Lenders). *See* Exh. A to Motion, Proposed Order, ¶ 2.

---

[3] The Alleged Debtor's issues with the Lenders' factual assertions, include, but are not limited to, the July 2021 appraisal attached to the Casson Declaration and the Lenders' assertions regarding the amount of outstanding debt owed by the Alleged Debtor and the validity of the Lenders' claim and lien. Further, the Alleged Debtor holds substantial claims against the Lenders for, among other things, improperly failing to fund the loan. The Alleged Debtor reserves all rights to object to the factual assertions by the Lenders in the Motion, either in this case or in other actions between the parties.

[4] Based on the Motion, the Alleged Debtor believes that the Lenders are only seeking relief as to enjoin the Alleged Debtor and Petitioning Creditors from filing a subsequent bankruptcy petition for the Alleged Debtor for six months from entry of such order. As noted in Collier's on Bankruptcy, a dismissal with prejudice technically relates to a determination that the debtor is not entitled to a discharge and must be distinguished from a case where the order merely prohibits the debtor from filing a petition for some period of time. *See* 3 COLLIER ON BANKRUPTCY P 349.02 (16th 2021) ("A dismissal with prejudice must be distinguished from an order prohibiting the debtor from filing a bankruptcy case for some period of time in the future. . . . The latter does not affect whether particular debts can be discharged, but determines whether the debtor has access to the bankruptcy court in the future."). Thus, if the Court grants the Lenders' Motion with prejudice, the Alleged Debtor respectfully requests that the record and order be clear that the only relief sought was with respect to the prohibition on filing for six months, and not a discharge determination.

3. The Lenders argue that the Court should order the dismissal with prejudice to avoid a subsequent bankruptcy petition that would further prevent consideration of the Lenders' Summary Judgment Motion in the Mortgage Foreclosure Action, which has been pending for more than a year and within which the parties have expended significant resources to preserve the value of the asset. *See* Motion, ¶ 51. The Lenders further argue that the Alleged Debtor has no unencumbered assets to distribute (by virtue of the (disputed) appraisal demonstrating that the secured loans are greater than the Property's value) and, thus, any additional delay of the Mortgage Foreclosure Action will decrease value, not maximize it for creditors. *See id*.

4. Pursuant to section 349(a) of the Bankruptcy Code, dismissal of a case does *not* "prejudice the debtor with regard to the filing of a subsequent petition . . .[,]" "unless the court, *for cause*, orders otherwise . . . ." 11 U.S.C. § 349(a) (emphasis added). Additionally, "[t]he legislative history to section 349(a) indicates that 'dismissal of an involuntary [case] on the merits will generally not give rise to adequate cause so as to bar the debtor from further relief.'" 3 COLLIER ON BANKRUPTCY P 349.02 (16th 2021) (citing H.R. Rep. 595, 95th Cong., 1st Sess. 338 (1977), *reprinted in* App. Pt. 4(d)(i) *infra*; S. Rep. No. 989, 95th Cong. 2d Sess. 48 (1978), *reprinted in* App. Pt. 4(e)(i) *infra*).

5. The Lenders' arguments about a further delay of the Mortgage Foreclosure Action and the value of the Alleged Debtor's assets compared to its secured debts clearly do not exhibit "cause" to limit the Alleged Debtor's legal and statutory right to file a bankruptcy petition. Here, the Alleged Debtor did not file the Involuntary Petition. Therefore, the Alleged Debtor should not have its own right to file a bankruptcy petition stripped away as a result of the actions of the Petitioning Creditors—especially when the Alleged Debtor clearly disagrees with such Petitioning Creditors' actions as demonstrated by the Alleged Debtor's pending *Motion of the*

3

*Alleged Debtor Pursuant to Sections 303 and 305 of the Bankruptcy Code for Dismissal of, or Abstention from, the Involuntary Bankruptcy Petition* (D.I. 31) (the "Alleged Debtor's Motion to Dismiss"). While the Alleged Debtor supports the dismissal of the Involuntary Petition with prejudice as to the Petitioning Creditors, no one can predict the future and, if circumstances change within the next six months, then there is always a chance that the Alleged Debtor may believe, at that time, that a bankruptcy petition is in the best interests of its creditors. The Lenders should not be able to use the Petitioning Creditors' decision to unilaterally file an Involuntary Petition against the Alleged Debtor as an opportunity to take away the Alleged Debtor's right to file a bankruptcy petition under the appropriate circumstances.

6. The Lenders' only support[5] for this requested relief is *In re Jer/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 304 (Bankr. D. Del. 2011). The *Jer/Jameson* case, however, is easily distinguishable because it involved a voluntary petition filed by the debtor itself—it did not involve an involuntary petition filed by petitioning creditors against an alleged debtor. Furthermore, the *Jer/Jameson* court held that dismissal with prejudice was warranted when the petition "was filed in bad faith and for no legitimate bankruptcy purpose[,]" *id*., but, in the case at hand, the petition was not filed by the Alleged Debtor (and, thus, it cannot be found responsible for there being no legitimate bankruptcy purpose underlying the petition) and no bad faith has been alleged against the Alleged Debtor.

7. The Lenders cite no authority or just cause in support of their request to bar the Alleged Debtor from filing a subsequent bankruptcy. As to the Petitioning Creditors, the

---

[5] In a footnote, the Lenders also cite *In re GVS Portfolio I B, LLC*, 2021 Bankr. LEXIS 1513 (Bankr. D. Del. June 4, 2021), as an example of a case dismissed without prejudice by Your Honor due to bad faith, where the debtor then filed a subsequent chapter 11 case in another jurisdiction, delaying a foreclosure sale. *See* Motion, fn. 5. Once again, however, *GVS* was a voluntary case, not an involuntary case.

Alleged Debtor believes the case should be dismissed with prejudice because just cause is established by the bad faith filing of the Involuntary Petition by ineligible creditors using the filing as a collection device and for improper forum shopping.

II. **Briefing and Argument on the Lenders' Request for Relief from the Automatic Stay Should Only Occur if the Motions to Dismiss or Abstain are Denied**

8. If the Court grants the Lenders' Motion or the Alleged Debtor's Motion to Dismiss, the Lenders' request for relief from the automatic stay will be moot. If the Involuntary Petition is not dismissed, then the Alleged Debtor would mostly like convert this case to a chapter 11 case and would want the opportunity, at that time, to contest and address the Lenders' stay relief request. Therefore, the stay relief request should not be litigated unless and until the motions to dismiss are denied and an order for relief on the Involuntary Petition is entered. Otherwise, the parties will be forced to incur additional expenses not only researching and briefing the stay relief issue, but also in taking discovery, which will be required as to the validity of the Lenders' claim and lien and the value of the Property.

9. Additionally, the hearing on August 18, 2021 is currently scheduled for only two hours and as a non-evidentiary hearing. Therefore, the Alleged Debtor believes that the August 18, 2021 hearing should act as a status conference on the stay relief motion, consistent with Local Rule 4001-1(c)(iii) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. In this case, the Alleged Debtor respectfully requests that, at such status conference (and only as necessary depending on the Court's ruling on the Motion and the Alleged Debtor's Motion to Dismiss), the Court enter a scheduling order establishing an appropriate discovery period and setting (i) a new objection

deadline; (ii) a date by which the parties will exchange supporting documents and exhibits; (iii) a date by which the parties must produce expert reports, and (iv) an evidentiary hearing date.

WHEREFORE, the Alleged Debtor respectfully requests that the Court enter an order dismissing the Involuntary Petition without prejudice as to the Alleged Debtor's right to file a subsequent bankruptcy petition. If the Court denies the Motion and enters an order for relief on the Involuntary Petition, the Alleged Debtor respectfully requests that the Court establish a scheduling order with respect to further proceedings on the Lenders' request for relief from the automatic stay.

*[Signature page follows]*

| | |
|---|---|
| Dated: July 22, 2021<br>Wilmington Delaware | **TROUTMAN PEPPER HAMILTON SANDERS LLP**<br><br>*/s/ Marcy J. McLaughlin Smith*<br>Marcy J. McLaughlin Smith (DE 6184)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br>E-mail: marcy.smith@troutman.com<br><br>-and-<br><br>Gary W. Marsh (admitted *pro hac vice*)<br>600 Peachtree Street, NE<br>Suite 3000<br>Atlanta, GA 30308<br>Telephone: (404) 885-2618<br>Facsimile: (404) 962-6983<br>Email: gary.marsh@troutman.com<br><br>-and-<br><br>Brett D. Goodman (admitted *pro hac vice*)<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 704-6000<br>Facsimile: (212) 704-5966<br>Email: brett.goodman@troutman.com<br><br>*Counsel to Park Place Development Primary, LLC* |