# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Park Place Development Primary, LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 21-10849 (CSS)<br><br>**Obj. Deadline: August 9, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: August 18, 2021 at 11:00 a.m. (ET)** |

## PETITIONING CREDITORS' MOTION FOR ENTRY OF AN ORDER STAYING THE LENDERS' MOTION TO DISMISS THE INVOLUNTARY PETITION OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY

Petitioning Creditors Permasteelisa North America Corp., Construction Realty Safety Group, Inc., Trade Off Plus, LLC, S&E Bridge & Scaffold, LLC, Ismael Leyva Architect, P.C., and Domani Inspection Services, Inc. (collectively, the "Petitioning Creditors"), by and through undersigned counsel, hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105 and 303(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 1011(a), 1013 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9006-1 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), staying litigation and adjudication of the *Motion for Entry of an Order Dismissing the Involuntary Petition Pursuant to 11 U.S.C. 707(a) and 305(a) or, in the Alternative, Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1), (2)* [Dkt. No. 35] (the "Lenders' Motion to Dismiss")[1] filed by Malayan Banking Berhad, New York Branch (the "Administrative Agent"), as Administrative Agent for Malayan Banking Berhad, London Branch, Intesa Sanpaolo S.P.A., New York Branch,

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Lenders' Motion to Dismiss.

1

Warba Bank K.S.C.P., and 45 Park Place Investments, LLC (collectively with the Administrative Agent, the "Lenders"), until after adjudication of the Alleged Debtor's Motion to Dismiss and entry of the order for relief on the Petitioning Creditors' involuntary petition for relief under chapter 7 of the Bankruptcy Code [Dkt. No. 1] (the "Involuntary Petition") filed against Park Place Development Primary, LLC (the "Alleged Debtor"). In support of the Motion, the Petitioning Creditors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief requested is authorized under sections 105 and 303(d) of the Bankruptcy Code, Rules 1011(b), 1013 and 9006 of the Bankruptcy Rules and Local Rules 9006-1 and 9006-2.

3. Pursuant to Local Rule 9013-1(f), the Petitioning Creditors consent to the entry of final orders or judgments by this Court with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments with respect to this Motion consistent with Article III of the United States Constitution.

## BACKGROUND

4. On May 24, 2021, the Petitioning Creditors filed the Involuntary Petition against the Alleged Debtor.

5. On June 6, 2021, the Court entered an order [Dkt. No. 23] approving the stipulation between the Petitioning Creditors and the Alleged Debtor extending the deadline for the Alleged Debtor to respond to the Involuntary Petition from June 15, 2021 to July 6, 2021.

6. On July 6, 2021, the Alleged Debtor filed the *Motion of the Alleged Debtor Pursuant to Sections 303 and 305 of the Bankruptcy Code for Dismissal of, or Abstention from, the Involuntary Bankruptcy Petition* [Dkt. No. 31] (the "Alleged Debtor's Motion to Dismiss"). Pursuant to the Alleged Debtor's Motion to Dismiss, the Alleged Debtor seeks, *inter alia*, dismissal of the Involuntary Petition on a number of grounds, including that the Petitioning Creditors are not qualified to file an involuntary petition under section 303(b) of the Bankruptcy Code and that the Involuntary Petition was filed for an improper purpose and in bad faith. To the extent the Court is not inclined to dismiss the Involuntary Petition on those grounds, the Alleged Debtor also seeks abstention.

7. According to the notice filed by the Alleged Debtor in connection with the Alleged Debtor's Motion to Dismiss, the deadline to respond to the motion was originally July 22, 2021, with the hearing scheduled for August 18, 2021 (the "Hearing"). On July 16, 2021, the Petitioning Creditors and Alleged Debtor filed a stipulation [Dkt. No. 49] extending the deadline for the Petitioning Creditors to respond to the Alleged Debtor's Motion to Dismiss to August 6, 2021 at 12:00 p.m. (ET). The Court approved the stipulation by order dated July 19, 2021 [Dkt. No. 50].[2]

8. On July 8, 2021, the Lenders' filed the Lenders' Motion to Dismiss. By way of the Lenders' Motion to Dismiss, the Lenders also seek dismissal of the Involuntary Petition on the grounds that the Involuntary Petition was filed for an improper purpose and in bad faith and, in the alternative, for abstention. To the extent the Court is not inclined to dismiss the Involuntary Petition, the Lenders also seek relief from the automatic stay.

---

[2] The Petitioning Creditors anticipate settlement discussions with the Alleged Debtor to occur in early August prior to the Hearing.

9. According to the notice filed by the Lenders in connection with the Lenders' Motion to Dismiss, the current deadline to respond to the motion is July 22, 2021, with the hearing scheduled for August 18, 2021.

## RELIEF REQUESTED

10. By this Motion, the Petitioning Creditors seek entry of the Proposed Order, staying litigation and adjudication of the Lenders' Motion to Dismiss until after the Court has entered an order for relief on the Involuntary Petition. First, and most importantly, the Petitioning Creditors submit that applicable law makes clear that the Lenders lack standing to contest the Involuntary Petition. Second, even if the Court determines that the Lenders have standing to contest the Involuntary Petition, the Petitioning Creditors respectfully submit that judicial economy and efficiency require that the Lenders' Motion to Dismiss be stayed pending resolution of the Alleged Debtors' Motion to Dismiss. Indeed, to the extent the Alleged Debtors' Motion to Dismiss is resolved in favor of the Petitioning Creditors, then that necessarily means that the Court will have rejected the Alleged Debtor's bad faith and abstention arguments. This will undoubtedly moot most of the Lenders' bad faith and related abstention arguments. To the extent the Court instead grants the Alleged Debtors' Motion to Dismiss, then the Lenders' Motion to Dismiss will be altogether moot, and there will have been no need for the Petitioning Creditors, the Alleged Debtor, and Lenders to litigate, or the Court to review and adjudicate, the Lenders' Motion to Dismiss (and any and all responses thereto).

## BASIS FOR RELIEF REQUESTED

11. While the Petitioning Creditors do not dispute that non-petitioning creditors may move to dismiss an involuntary proceeding pursuant to sections 305(a) and 707(a) of the

Bankruptcy Code, such a motion may not be brought until *after* the order for relief is entered, as it is well-settled law that only the alleged debtor has standing to contest an involuntary petition.

12. To the extent the Court disagrees and determines that non-petitioning creditors have standing to contest an involuntary petition, the Petitioning Creditors respectfully submit that it should nonetheless stay litigation and adjudication of the Lenders' Motion to Dismiss pending resolution of the Alleged Debtor's Motion to Dismiss (and entry of the order for relief) to promote judicial economy and efficiency.

13. Finally, if the Court is not inclined to stay the Lenders' Motion to Dismiss, the Petitioning Creditors request that an appropriate schedule be entered so that the motion may be properly addressed.

A. **<u>The Lenders do not have standing to contest the involuntary petition.</u>**

14. Applicable law makes clear that only the alleged debtor may challenge an involuntary petition. Section 303(d) of the Bankruptcy Code allows the "***debtor***… [to] file an answer to a[n] [involuntary] petition under this section." 11 U.S.C. § 303(d) (emphasis added). Rule 1011(a) of the Bankruptcy Rules provides that "[t]he ***debtor*** named in an involuntary petition may contest the petition." Fed. R. Bankr. P. 1011(a) (emphasis added). If the alleged debtor fails to respond to the involuntary petition in accordance with Rule 1011, then the Court "shall enter an order for the relief requested in the petition." *Id.* at 1013(b). If the alleged debtor contests the involuntary proceeding, as the Alleged Debtor has here, then a hearing on the merits is held. *Id.* at 1013(a). As a non-petitioning creditor, the Lenders simply have no standing to contest the Involuntary Petition. *In re QDN, LLC*, 363 F. App'x 873, 875 (3d Cir. 2010) (collecting cases); *In re Taylor & Assocs., L.P.*, 191 B.R. 374, 381 (Bankr. E.D. Tenn. 1996).

15. To allow a creditor standing to seek dismissal of an involuntary petition pursuant to sections 305(a) and 707(a) of the Bankruptcy Code during the gap period, as the Lenders have here, would be in direct contravention of section 303(d) of the Bankruptcy Code and Rule 1011(a) of the Bankruptcy Rules, which provide that only the alleged debtor may contest an involuntary petition. Indeed, "[t]he filing of an involuntary petition is an adversarial proceeding between the filers and the debtor, which may contest the filing at a hearing." *QDN*, 363 F. App'x at 875 *citing* 11 U.S.C. § 303. "Congress chose to preclude creditors from opposing involuntary petitions because such opposition invariably was to protect a preference or to gain some unfair advantage at the expense of other creditors, contrary to the policy of providing equitable distribution of assets among all creditors." *Id. citing In re Earl's Tire Serv., Inc.*, 6 B.R. 1019, 1022 (D. Del. 1980).

16. The Lenders cite solely to *In re MacFarlane Webster Assocs.*, 121 B.R. 694 (Bankr. S.D.N.Y. 1990) and *In re Jr. Food Mart, Inc.*, 234 B.R. 420 (Bankr. E.D. Ark. 1999) to support their position that "while creditors may not contest the filing of an involuntary petition under section 303, courts have held that a creditor can file a motion to dismiss pursuant to sections 305(a) and 707(a)." A close read of these cases, however, confirms that a creditor's motion to dismiss for cause must be adjudicated *after* entry of the order for relief.

17. In *In re MacFarlane*, the senior lender's motion to dismiss that was at issue was filed well after the alleged debtor failed to contest the involuntary petition and the order for relief was entered. 121 B.R. 694, 700 (Bankr. S.D.N.Y. 1990). Whether a creditor had standing to seek dismissal of an involuntary petition prior to entry of the order for relief (in contravention of section 303(d) of the Bankruptcy Code and Rule 1011(a) of the Bankruptcy Rules) was not at issue in the case. Nevertheless, the court recognized that that non-petitioning creditors are

precluded by the Bankruptcy Code from opposing an involuntary petition. *Id.* Therefore, the only remedy for abuse by a petitioning creditor in an involuntary chapter 7 case is a motion to dismiss for cause — even where the debtor has no interest in contesting the petition. *Id.*; *see* Fed. R. Bankr. P. 1013(b) (failure of the alleged debtor to respond to the involuntary petition requires the court to enter the order for relief). If a creditor cannot challenge an involuntary petition (even when the alleged debtor fails to do so), then its motion to dismiss for cause must come after entry of the order for relief.

18. In *In re Food Mart*, the alleged debtor, like in *MacFarlane*, failed to contest the involuntary petition. 234 B.R. 420, 421 (Bankr. E.D. Ark. 1999). Instead, entities related to the alleged debtor filed a responsive pleading that, in part, contained a motion to dismiss for cause or for abstention. *Id.* The court held that the respondents lacked standing to object to the involuntary petition, entered the order for relief, and then ordered that "the motions to dismiss or abstain… be set for [a later] hearing by separate order." *Id.* at 421-422.

19. The only way to harmonize the well-settled law that only an alleged debtor may contest an involuntary petition, on the one hand, with a creditor's ability to seek dismissal pursuant to sections 305(a) and 707(a), on the other hand, is that a creditor may only seek dismissal *after* the order for relief is entered and the case proceeds as an involuntary proceeding. *See In re New Towne Dev.*, LLC, 404 B.R. 140, 143 (Bankr. M.D. La. 2009) (the court considered the non-petitioning creditor's renewed motion to dismiss involuntary chapter 11 after the order for relief had been entered, which motion had been previously dismissed prior to the order for relief being entered because the creditor lacked standing to contest the involuntary petition).

20. Accordingly, the Court should stay litigation and adjudication of the Lenders' Motion to Dismiss until after the order for relief is entered.

7

B. **To the extent the Court determines that Lenders have standing to contest the Involuntary Petition, the Court should nonetheless stay litigation and adjudication of the Lenders' Motion to Dismiss pending resolution of the Alleged Debtor's Motion to Dismiss.**

21. A court has the inherent power to control its docket to promote the efficient administration of justice. *In re NJ Affordable Homes Corp.,* 2013 WL 6048836, at *9 (Bankr. D.N.J. Nov. 8, 2013) *citing CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.,* 381 F.3d 131, 141–42 (3d Cir. 2004); *cf. In re Rosenblum*, 545 B.R. 846, 874 (Bankr. E.D. Pa. 2016) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues. It is not necessary that the claims in the two proceedings are identical. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, counsel, and for litigants.") (internal citations and quotations omitted).

22. Litigating the Lenders' Motion to Dismiss through adjudication may become a costly endeavor in effort and time for counsel, the parties, and the Court.[3] Staying the Lenders' Motion to Dismiss until resolution of the Alleged Debtors' Motion to Dismiss will promote judicial economy and efficiency by either narrowing the issues related to the Lenders' Motion to Dismiss or rendering it altogether moot. To wit, to the extent the Alleged Debtors' Motion to Dismiss is resolved in favor of the Petitioning Creditors, then that necessarily means that the Court will have rejected the Alleged Debtor's bad faith and abstention arguments. This will undoubtedly moot most of the Lenders' bad faith and abstention arguments. To the extent the

---

[3] Resolution of the Lenders' Motion to Dismiss may involve or require discovery, including, potentially, expert discovery, and an evidentiary hearing, as allegations of bad faith are fact driven, and, at a minimum, the value and deterioration of the building and the propriety of the Lenders' purported claims and liens, among other things, are at issue. *See In re Forever Green Athletic Fields, Inc*., 804 F.3d 328, 335 (3d Cir. 2015) (the determination of bad faith is a fact intensive determination better left to the discretion of the bankruptcy court).

Court instead grants the Alleged Debtors' Motion to Dismiss, then there will have been no need for the Petitioning Creditors and Lenders to litigate, or the Court to adjudicate, the Lenders' Motion to Dismiss.

23. There will be little prejudice to the Lenders by staying the Lenders' Motion to Dismiss until after adjudication of the Alleged Debtor's Motion to Dismiss. If the Alleged Debtor's Motion to Dismiss is denied and the order for relief entered, the Lenders will still have their day in Court. Prosecution of their motion will simply be delayed for a short period (and perhaps with narrowed issues). To the extent this delay constitutes any prejudice at all, it is buttressed by the fact that if the Court grants the Alleged Debtor's Motion to Dismiss, then the Lenders will get what they want — dismissal of the involuntary chapter 7 — without counsel, the parties, or the Court having to bear the costs of time and effort necessary to resolve the Lenders' Motion to Dismiss.

24. Accordingly, to the extent the Court determines that the Lenders have standing to seek dismissal of the Involuntary Petition prior to entry of the order for relief, it should nonetheless stay the Lenders' Motion to Dismiss until resolution of the Alleged Debtors' Motion to Dismiss to promote judicial economy and efficiency.

    C. **The Lenders' request for stay relief must by stayed for the same reasons.**

25. The Lenders' alternative lift stay request is for all practical purposes a challenge to the Involuntary Petition. Indeed, the purported bad faith of the Petitioning Creditors, which supports Lenders' dismissal request, is one of the bases for which the Lenders seek stay relief. Further, the Property is the Alleged Debtor's primary asset. Under the circumstances, if the Court were to entertain the Lenders' request and grant stay relief before entry of the order for relief, the bankruptcy case would, for all intents and purposes, end during the gap period. As such,

the request is, at a minimum, a collateral attack on the Involuntary Petition and, since only the Alleged Debtor can contest the Involuntary Petition, as discussed above, the lift stay request should be stayed pending entry of an order for relief.

26. Even if the Court were to determine that the lift stay request is appropriate prior to entry of the order for relief, the Court should nonetheless stay litigation and adjudication of the request until after the order for relief is entered to promote judicial economy and efficiency. Like the Lenders' dismissal request, their stay request may be mooted entirely or at the least partially (as it relates to bad faith) upon resolution of the Alleged Debtor's Motion to Dismiss.[4]

27. There will be little prejudice to the Lenders by staying their lift stay request. If the Alleged Debtor's Motion to Dismiss is denied and the order for relief entered, the Lenders will only have a slight delay before they can resume prosecution of their lift stay request (with perhaps narrowed issues) and the foreclosure action (in the event they are successful on their request). If the Court instead grants the Alleged Debtor's Motion to Dismiss, then the Involuntary Petition will be dismissed and there will have been no need to litigate the Lenders' lift stay request. This mitigates what little, if any, prejudice the short delay may cause the Lenders.

---

[4] In addition to bad faith, the Lenders argue that relief from the automatic stay is warranted because they lack adequate protection. Specifically, the Lenders' argue that they lack an equity cushion in the Property, evidenced by a July 2, 2021 appraisal, and that the Alleged Debtor has not made (and cannot make) payments necessary to preserve and protect the Property, their alleged collateral. First, the Petitioning Creditors are not the Alleged Debtor and cannot know with certainty whether the debtor has or could make payments necessary to preserve the Property. The chapter 7 trustee that will be appointed upon entry of the order for relief will be in a much better position to address adequate protection issues, as it will have full knowledge of the Alleged Debtor's assets and business. Moreover, the Alleged Debtor has disputed the Lenders' claims and liens in toto as a result of, among other things, the Lenders' bad acts and breaches of contract and Sharia law. *See, e.g.,* Alleged Debtor's Mtn. to Dismiss the Foreclosure Action. Indeed, in violation of Sharia law, the Lenders claim "interest" is continuing to accrue on their alleged loan. *See* Lenders' Mot. to Dismiss, fn. 6. Further, resolution of all these issues may require discovery, including, potentially, expert discovery, and an evidentiary hearing, as allegations of bad faith are fact driven, and, at a minimum, the value and deterioration of the building and the propriety of the Lenders' purported liens, among other things, are at issue. Since all or part of the lift stay request may be mooted by resolution of the Alleged Debtor's Motion to Dismiss, judicial economy and efficiency warrant stay of the request until after adjudication of the motion and entry of the order for relief.

**D. To the extent the Court is not inclined to stay the Lenders' Motion to Dismiss, the Petitioning Creditors respectfully request that an appropriate scheduling order be entered to address the motion.**

28. To the extent the Court is not inclined to stay the Lenders' Motion to Dismiss until after adjudication of the Alleged Debtor's Motion to Dismiss and entry of the order for relief, then the Petitioning Creditors respectfully request that an appropriate schedule be entered so that the Lenders' Motion to Dismiss may be properly addressed.[5]

WHEREFORE, the Petitioning Creditors respectfully request that the Court (a) enter the Proposed Order granting the Motion, and (b) grant such other relief as is just and proper.

Dated: July 22, 2021
Wilmington, Delaware

**VENABLE LLP**

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Tel: 302.298.3535
Fax: 302.298.3550
daobrien@venable.com

and

Jeffrey S. Sabin, Esq.
James E. Frankel, Esq.
Gary L. Rubin, Esq.
Carol A. Weiner, Esq.
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Tel: (212) 307-5500
Fax: (212) 307-5598

---

[5] As much as this Motion is a request to extend the deadline to respond to the Lenders' Motion to Dismiss, the response deadline to the Lenders' Motion to Dismiss has been automatically extended in accordance with Local Rule 9006-2, which provides that "[u]nless otherwise provided in the Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2. The Petitioning Creditors reserve all rights with respect to the Lenders' Motion to Dismiss.

jssabin@venable.com
glrubin@venable.com
jefrankel@venable.com
cweinerlevy@venable.com

*Attorneys for the Petitioning Creditors*