# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------------ x | |
| In re: : | Chapter 7 |
| : | |
| PARK PLACE DEVELOPMENT : | Case No. 21-10849 (CSS) |
| PRIMARY, LLC,[1] : | |
| : | **Objection Deadline:** |
| Alleged Debtor. : | **December 22, 2021 at 4:00 p.m. (ET)** |
| : | **Hearing Date:** |
| ------------------------------------------------------------ : | **January 6, 2022 at 10:00 a.m. (ET)** |
| x | |

## MOTION OF PARK PLACE DEVELOPMENT PRIMARY, LLC TO REOPEN THE BANKRUPTCY CASE, OR ALTERNATIVELY FOR CLARIFICATION OF THE DISMISSAL ORDER, FOR THE LIMITED PURPOSE OF CONSIDERING ITS FEES AND DAMAGES MOTION

Park Place Development Primary, LLC ("Park Place") as the former putative debtor in the above-captioned case (the "Bankruptcy Case"), through its undersigned counsel, hereby files this motion (the "Motion"), pursuant to 11 U.S.C. §§ 105, 303(i) and 350(b) and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 5010 and 9024, for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A** (the "Proposed Order"), reopening the Bankruptcy Case, or, alternatively, for clarification of the Dismissal Order (as defined below), for the limited purpose of adjudication of Park Place's Fees and Damages Motion (as defined below) and granting related relief. In support of this Motion, Park Place respectfully states as follows:

---

[1] The last four digits of the Alleged Debtor's U.S. tax identification number is 1708. The address of the Alleged Debtor's corporate headquarters is: 31 West 27th Street, 9th Floor, New York, NY 10001.

#121488974 v3

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The legal predicate for the relief requested herein are sections 105, 303(i) and 350(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Bankruptcy Rules 5010 and 9024.

3. Pursuant to Local Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Park Place consents to the entry of final orders or judgments by the United States Bankruptcy Court for the District of Delaware (the "Court") with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments with respect to this Motion consistent with Article III of the United States Constitution.

## RELEVANT BACKGROUND

4. On May 24, 2021, Permasteelisa North America Corp. ("PNA"), Construction Realty Safety Group Inc., Trade Off Plus, LLC, Domani Inspection Services, Inc. ("Domani"),[2] S&E Bridge & Scaffold LLC, and Ismael Leyva Architect, P.C. (collectively, the "Petitioning Creditors") filed an involuntary petition (D.I. 1) (the "Involuntary Petition") in this Court against Park Place.

---

[2] Pursuant to the *Notice of Withdrawal of Domani Inspection Services, Inc. as a Petitioning Creditor* (D.I. 60), Domani withdrew as a Petitioning Creditor on August 5, 2021 or 73 days into the case. Park Place's Fees and Damages Motion seeks relief against Domani, jointly and severally with the other Petitioning Creditors, for the reasons set forth therein.

5. On July 6, 2021, Park Placed filed the *Motion of the Alleged Debtor Pursuant to Sections 303 and 305 of the Bankruptcy Code for Dismissal of, or Abstention From, the Involuntary Bankruptcy Petition* (D.I. 31) (the "Motion to Dismiss"), seeking dismissal of the Involuntary Petition and an award of attorney's fees, costs, and, to the extent appropriate, proximate or punitive damages. *See* Motion to Dismiss, ¶¶ 73-75. Additionally, as part of the relief sought, Park Place anticipated that there would be a further opportunity to have its attorney's fees, costs, and damages request heard and specifically included a provision in its proposed order granting the Motion to Dismiss that "[t]he Court retains jurisdiction over requests related to this Order, including, without limitation, any requests pursuant to Section 303(i) of the Bankruptcy Code. Any such requests must be made by motion within 30 days of the entry of this Order." Motion to Dismiss, Exhibit A – Proposed Order, at ¶ 3.

6. On July 8, 2021, Malayan Banking Berhad, New York Branch, as Administrative Agent for Malayan Banking Berhad, London Branch, Intesa Sanpaolo S.P.A., New York Branch, Warba Bank K.S.C.P., and 45 Park Place Investments, LLC filed the *Motion for Entry of an Order Dismissing the Involuntary Petition Pursuant to 11 U.S.C. 707(a) and 305(a) or, in the Alternative, Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1), (2)* (D.I. 35) (collectively with Park Place's Motion to Dismiss, the "Motions to Dismiss"), also seeking dismissal of the Involuntary Petition.

7. On September 9, 2021, the Petitioning Creditors filed objections (D.I. 65, 69) to the Motions to Dismiss. Nowhere in their objections to the Motions to Dismiss do the Petitioning Creditors address, or in any way object to, Park Place's request for attorney's fees, costs and damages.

8. On October 1, 2021, the Court held a hearing on the Motions to Dismiss and took the matter under advisement.

9. On November 2, 2021, the Court issued its *Opinion on the Motions to Dismiss* (D.I. 80) (the "Dismissal Opinion") and related *Order* (D.I. 81) (the "Dismissal Order"), dismissing the Involuntary Petition, with prejudice, as a bad faith filing and granting the Motions to Dismiss. The Dismissal Opinion and Dismissal Order, however, did not address Park Place's request for attorney's fees, costs, and damages as contained in the Motion to Dismiss.

10. On November 3, 2021, without advance notice to the parties (other than entry of the Dismissal Order), the Clerk of the Court made a docket entry closing the Bankruptcy Case.

11. Within 20 days of closure of the Bankruptcy Case, on November 23, 2021, Park Place filed the *Motion of Park Place Development Primary, LLC for Attorney's Fees and Costs and Punitive Damages for Bad Faith Filing of Involuntary Petition Pursuant to 11 U.S.C. § 303(i)* (D.I. 83) (the "Fees and Damages Motion").

12. On November 23, 2021, counsel to PNA filed a letter (D.I. 84) (the "PNA Letter") with this Court, requesting a status conference be held with respect to whether the Court had already ruled on Park Place's request for attorney's fees, costs and damages as part of the Court's Dismissal Opinion and Dismissal Order.

13. On December 2, 2021, this Court held a status conference (the "Status Conference"). At the Status Conference, PNA requested that: (i) the Court clarify its views with respect to the Dismissal Opinion and Park Place's request for attorney's fees and damages in its Motion to Dismiss; and (ii) if the Court permitted the Fees and Damages Motion to proceed that (a) Park Place "be required to file a motion under 350(b) and Bankruptcy Rule 510, to reopen the

4

case[]" and (b) the Petitioning Creditors' objection deadline to the Fees and Damages Motion be extended to at least 14 days after such motion to reopen was filed. *In re Park Place Development Primary, LLC*, Dec. 2, 2021 Hr'g Tr. at 6:20-7:6 (attached hereto as **Exhibit B**; hereinafter, the "Hr'g Tr."). The Court informed the parties that, in entering its Dismissal Opinion and Dismissal Order, it did not intend to grant or deny Park Place's request for attorney's fees, costs, and damages as contained in the Motion to Dismiss. *See id*. at 11:18-20 ("[The Dismissal Opinion] wasn't meant to exclude the right to seek attorneys' fees, one way or the other; it wasn't meant to grant it, either."). The Court then directed Park Place to file a motion to reopen the case and that such motion to reopen and the Fees and Damages Motion would be heard at the January 6, 2022 hearing. *See id.* at 12:9-16; 13:25-14:4.

## RELIEF REQUESTED

14. By this Motion, Park Place seeks entry of the Proposed Order, pursuant to sections 105, 303(i) and 350(b) of the Bankruptcy Code and Bankruptcy Rules 5010 and 9024, reopening the Bankruptcy Case, or, alternatively, clarifying the Dismissal Order, for the limited purpose of adjudication of Park Place's Fees and Damages Motion and granting related relief.

## BASIS FOR RELIEF REQUESTED

**I. THE BANKRUPTCY CASE SHOULD BE REOPENED UNDER SECTION 350(b) TO EITHER ACCORD RELIEF TO THE PUTATIVE DEBTOR OR FOR CAUSE FOR THE LIMITED PURPOSE OF ADJUDICATION OF THE FEES AND DAMAGES MOTION.**

15. Pursuant to section 350(b) of the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Bankruptcy Rule 5010 provides the mechanism for reopening cases under section 350(b), providing that "[a] case may be reopened on motion of

the debtor or other party in interest pursuant to §350(b) of the Code." FED. R. BANKR. P. 5010.[3]

Reopening a bankruptcy case is left to the bankruptcy court's broad discretion. *See In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 423 (3d Circ. 2013) (finding that section 350(b) gives "bankruptcy courts broad discretion to reopen cases after an estate has been administered."); *Shifano v. Lendmark Fin. Servs. (In re Shifano)*, 2013 Bankr. LEXIS 68, *5-6 (Bankr. D. Del. Jan. 8, 2013) (finding that the decision "to reopen a closed bankruptcy case is committed to the discretion of the bankruptcy court.").

16. Under section 350(b) of the Bankruptcy Code, this case should be reopened either "to accord relief" to Park Place as the former putative debtor or for "cause." "Cause" or the type of relief sufficient to "accord relief to the debtor" and justify reopening a case are not defined or set forth in the Bankruptcy Code. Courts, however, look to "a variety of non-exclusive factors" when considering whether to reopen a case, including:

> (i) the length of time the case has been closed;
> (ii) whether a non-bankruptcy forum has the ability to determine the dispute to be posed by the debtor were the case reopened,
> (iii) whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post-bankruptcy, of the parties;
> (iv) whether any parties would be prejudiced were the case reopened or not reopened;
> (v) the extent of the benefit which the debtor seeks to achieve by reopening; and
> (vi) whether it is clear at the outset that the debtor would not be entitled to any relief if the case were reopened (i.e., whether reopening the case would be futile). . . . The court may deny a motion to reopen when no clear benefit is shown to the debtor's estate or the creditors."

*In re Holley Performance, Prods.*, 2015 Bankr. LEXIS 2556, *4 (Bankr. D. Del. July 31, 2015); *see also In re Shifano*, 2013 Bankr. LEXIS 68, *6 ("When a former debtor seeks to reopen a

---

[3] Bankruptcy Rule 1001 also provides that "[t]hese rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding."

closed bankruptcy case the court may consider a number of nonexclusive factors. These include (1) the length of time that the case has been closed; (2) whether the debtor [or movant] would be entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the claims.") (internal quotation marks omitted). Additionally, while "[c]ourts generally look to whether reopening that case will benefit creditors and may deny the motion when no clear benefit is shown to creditors. Nonetheless, a benefit to creditors is not required. Indeed, relief to the bankrupt is explicitly recognized as a proper cause for re-opening." *In re Shifano*, 2013 Bankr. LEXIS 68, *6-7 (internal quotation marks omitted).

17. Here, there are sufficient circumstances to reopen the Bankruptcy Case to either accord relief to Park Place or for "cause." First, the Bankruptcy Case has only been closed for slightly over a month so there can be no laches argument against Park Place seeking this relief. Second, this Court is the best-suited, and arguably only, court that can adjudicate Park Place's Fees and Damages Motion under section 303(i) of the Bankruptcy Code because section 303(i) provides that if a court dismisses a petition under section 303, than "the court" may grant an award of attorneys' fees, costs and damages against petitioning creditors. *See* 11 U.S.C. § 303(i) ("**If the court dismisses** a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, **the court may grant judgment**—. . . .") (emphasis added). Third, Park Place would be prejudiced if the Bankruptcy Case was not reopened for the limited purpose of adjudication of its Fees and Damages Motion because Park Place would be forever barred from seeking attorney's fees, costs and damages against the Petitioning Creditors as is Park Place's right under section 303(i)—this prejudice would be especially heightened in light of this Court's finding that the Petitioning Creditors filed the Involuntary Petition in bad faith. Fourth, the Petitioning

7

Creditors will not be prejudiced by the Bankruptcy Case being reopened for the limited purpose of adjudication of Park Place's Fees and Damages Motion because the Petitioning Creditors are able to object to such relief and have the Court hear their position.  In fact, at the Status Conference, the Court expressly acknowledged that all of the Petitioning Creditors' rights to object to this Motion and the Fees and Damages Motion are reserved and, with the extended objection deadline to the Fees and Damages Motion, the Petitioning Creditors will have 29 days to respond to the Fees and Damages Motion.[4]  *See* Hr'g Tr. at 15:20 (The Court noted that "all arguments are reserved.").  Lastly, as set forth in detail in the Fees and Damages Motion, upon dismissal of an involuntary petition, section 303(i) of the Bankruptcy Code allows a putative debtor to recover its reasonable attorney's fees and costs against the petitioners and, if the involuntary petition was found to be filed in bad faith, to recover proximate and punitive damages against such petitioner(s).  *See* 11 U.S.C. § 303(i).  Therefore, Park Place has asserted a valid claim in seeking to recover its reasonable attorney's fees, costs, and punitive damages from the Petitioning Creditors and it cannot be argued that the relief sought in the Fees and Damages Motion is futile such that the Bankruptcy Case should not be reopened.

18.     Some courts in other Circuits have held that a dismissed case cannot be reopened under section 350(b) of the Bankruptcy Code because it was not closed under section 350(a).  *See* 3 COLLIER ON BANKRUPTCY P 350.03 (16th 2021).  Park Place, however, has been unable to find any controlling case law on this issue from within the Third Circuit.[5]  Moreover,

---

[4] Park Place has agreed to extend the Petitioning Creditors' objection deadline on the Fees and Damages Motion to December 22, 2021 at 4:00 p.m. (ET).

[5] In the *Snyder* cases, dismissed bankruptcy cases were reopened by the bankruptcy court pursuant to section 350 of the Bankruptcy Code, however, whether the bankruptcy court was entitled to reopen the cases under such section of the Bankruptcy Code was not directly at issue.  *See In re Snyder*, 293 Fed. Appx. 140, 142 n.3 (3d Cir. 2008); *In re Snyder*, 292 Fed. Appx. 191, 193, n. 2 (3d Cir. 2008).  The Third Circuit, in a footnote in each case, acknowledges that section 350 may not be the proper basis for reopening a dismissed case, but finds that under Bankruptcy Rule 9024, incorporating Civil Rule 60, the bankruptcy court could essentially effectuate the same relief.  *See id*.

dismissed cases can effectively be "reopened" under Bankruptcy Rule 9024. *See id.*; *see also*, *e.g.*, *France v. Lewis & Coulter, Inc. (In re Lewis & Coulter, Inc.)*, 159 B.R. 188, 191 (Bankr. W.D. Pa. 1993) (finding that, even though dismissed case could not be "reopened" under section 350(a), court could construe motion as motion to vacate dismissal pursuant to Bankruptcy Rule 9024 and Civil Rule 60(b), such that dismissal order treated as though it was never entered).

**II. ALTERNATIVELY, PURSUANT TO SECTION 105(a) OR BANKRUPTCY RULE 9024 AND CIVIL RULE 60, THE COURT SHOULD CLARIFY ITS DISMISSAL ORDER AND TEMPORARILY RELIEVE THE PARTIES FROM THE DISMISSAL OF THE BANKRUPTCY CASE TO ALLOW THE FEES AND DAMAGES MOTION TO BE ADJUDICATED.**

19. To the extent the Court determines it cannot grant relief to reopen the Bankruptcy Case under section 350(b) of the Bankruptcy Code and Bankruptcy Rule 5010, Park Place respectfully submits that, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9024 (which incorporates Federal Rule of Civil Procedure (the "Civil Rules") 60), this Court can clarify its Dismissal Opinion and Dismissal Order to provide that: (a) the Dismissal Opinion and Dismissal Order did not grant or deny Park Place's request for attorney's fees, costs, and damages as requested in its Motion to Dismiss; and (b) the closure of the Bankruptcy Case as indicated on the Bankruptcy Case's docket on November 3, 2021 is deemed vacated and the Bankruptcy Case is reopened for the sole purpose of adjudication of Park Place's Fees and Damages Motion.

**A. As an Exercise of the Court's Inherent Authority Pursuant to Section 105(a) or Pursuant to Civil Rule 60(a) in light of an Oversight or Omission, this Court Should Clarify the Dismissal Order and Reopen the Case For the Sole Limited Purpose of Adjudication of the Fees and Damages Motion.**

20. Pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Furthermore, it is well established by the Supreme Court and the Third Circuit Court of

Appeals that the Court has the authority to interpret or clarify its own orders. *See Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders."); *LandSource Cmtys. Dev. LLC v. Citizens Against Corp. Crime, LLC*, 834 Fed. Appx. 747, 751(3d Cir. 2020) (determining that "it is the bankruptcy court that can provide the best interpretation of its own order.") (internal quotations omitted).

21. Bankruptcy Rule 9024, which incorporates Civil Rule 60, also provides a mechanism by which a court can clarify its own order. *See* FED. R. BANKR. P. 9024 (providing that Civil Rule 60 "applies in cases under the Code . . ."). Civil Rule 60(a) allows parties to seek relief from a judgment or order:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. . . .

FED. R. CIV. P. 60(a).

22. According to *Collier's on Bankruptcy*:

> The types of error with which subdivision (a) deals include oversights and omissions as well as unintended acts or failures to act that result in a record that does not properly reflect the intention of the parties or the court. Any substantive adjustment of the record must come under subdivision (b), dealt with below. *Moore's Federal Practice* argues that "[t]he interests of judicial administration call for a broad interpretation of the word 'record'… ."

10 COLLIER ON BANKRUPTCY P 9024.02 (16th 2021). Essentially, Civil Rule 60(a) allows a court to make any necessary corrections arising from oversight or omission, but does not allow a court to correct a substantive error in judgment or its analysis. *See In re Diet Drugs Prods. Liab. Litig.*, 200 Fed. Appx. 95, 103 (3d Cir. 2006) ("Rule 60(a) is limited to the correction of 'clerical

mistakes'; it encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment.") (internal quotations omitted); *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir. 2002) ("The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission.") (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854, at 240 (2d ed. 1995)); *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n. 2 (9th Cir. 1987) ("The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consists of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.") (citation omitted) (emphasis in original).

> Stated differently, a court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.' In that regard, when a court has undertaken to 'make the judgment or record speak the truth' rather than 'something other than what was originally pronounced' the court has not abused its discretion in granting relief under Rule 60(a).

*In re Walter*, 282 F.3d at 440-41 (citation omitted) (quoting *Vaughter v. Eastern Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)); *see also Diet Drugs*, 200 Fed. Appx. at 104 ("Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).") (quoting *In re W. Tex. Mktg.*, 12 F.3d 497, 504-05 (5th Cir. 1994)).

23. Therefore, either under this Court's inherent authority under section 105(a) to interpret and clarify its own orders or under Bankruptcy Rule 9024 and Civil Rule 60(a), the Dismissal Opinion and Dismissal Order should be clarified to provide that (a) the Dismissal Order did not grant or deny Park Place's request for attorneys' fees, costs, and damages as requested in its Motion to Dismiss; and (b) the closure of the Bankruptcy Case as indicated on the Bankruptcy Case's docket on November 3, 2021 is deemed vacated until Park Place's Fees and Damages Motion is fully adjudicated—at the conclusion of which the Bankruptcy Case will be closed.

24. Park Place's Motion to Dismiss requested an award of attorney's fees, costs, and damages should it prevail on dismissal of the Involuntary Petition, however, neither the Dismissal Opinion or Dismissal Order addressed this request or ruled upon it. Thus, there was an oversight or omission in the Dismissal Opinion and Dismissal Order that does not reflect the parties' or the Court's intention. While the Petitioning Creditors are likely to argue that the Dismissal Opinion mooted out "remaining issues" including Park Place's request for fees, costs, and damages, *see* PNA Letter, such a position is directly contrary to the Dismissal Opinion's and Dismissal Order's grant of the Motion to Dismiss without qualification. *See* Dismissal Opinion at 27, Dismissal Order at 1. Additionally, it was Park Place's intention, as evidenced by the language in the proposed order filed with its Motion to Dismiss, that attorney's fees, costs and damages would be dealt with after entry of an order dismissing the Involuntary Petition—at least in part in light of the fact that a putative debtor is only entitled to damages if an involuntary petition is dismissed for bad faith—and Park Place's Motion to Dismiss expressly reserved its right to seek the award of fees, costs, and damages after such a dismissal. *See* Motion to Dismiss, ¶¶ 73-75; Exhibit A – Proposed Order, at ¶ 3 (requesting that an order granting the

Motion to Dismiss include language that "[t]he Court retains jurisdiction over requests related to this Order, including, without limitation, any requests pursuant to Section 303(i) of the Bankruptcy Code. Any such requests must be made by motion within 30 days of the entry of this Order."); *see* Hr'g Tr. 8:14-10:12 (Park Place's counsel's discussion of proposed order related to Motion to Dismiss). Furthermore, at the time of briefing on the Motion to Dismiss, it would appear that the Petitioning Creditors had no issue with Park Place's request for attorney's fees, costs, and damages to be addressed after a ruling on the Motion to Dismiss was issued because the Petitioning Creditors' objection to Park Place's Motion to Dismiss does not even mention Park Place's request for fees, costs, and damages—let alone object to the requested award. *See generally* D.I. 65. More important than the parties' positions, however, at the Status Conference, the Court expressly provided that it did not focus on the request for fees and damages and did not intend to either grant or deny the request:

> The point of the -- the point of the opinion is that there were numerous article -- there were numerous issues addressed in the argument, a variety of issues, quite a few, and that the opinion was dealing with the ones laid out in the opinion, and those that weren't laid out in the opinion were moot because they didn't go to the reason for the Court's decision. **It wasn't meant to exclude the right to seek attorneys' fees, one way or the other; it wasn't meant to grant it, either. It just wasn't an issue I focused on**.

Hr'g Tr. at 11:12-21 (emphasis added).

25. While the Court at the Status Conference indicated that it did not view the omission in the Dismissal Opinion and Dismissal Order of any reference to the fees and damages request as a clerical issue, *see* Hr'g Tr. at 11:5-11, relief under Civil Rule 60(a) is not limited to only clerical mistakes, but may also be used to correct an order based on "a mistake arising from oversight or omission." Based on the record established by the Motion to Dismiss pleadings, language in the Dismissal Opinion and Dismissal Order, and the Court's comments at the Status

13

Conference, it is clear that the Court did not intend to deny Park Place's request for fees, costs, and damages nor did it intend to preclude Park Place from seeking such fees, costs, and damages. Additionally, for the reasons set forth above, clarification of the Dismissal Order to allow the Fees and Damages Motion to go forward is not a substantive adjustment of the record but is necessary to give effect to the Court's intention and to afford Park Place an opportunity to have its request for fees and damages heard by the Court.  Nor does clarification of the Dismissal Order prejudice the Petitioning Creditors—in fact, such clarification would provide the Petitioning Creditors with a second opportunity to object to an award of attorney's fees, costs, and damages given that the Petitioning Creditors did not object to Park Place's request in the Motion to Dismiss.  *See generally* D.I. 65.  Therefore, under this Court's inherent authority to interpret its own orders or the power afforded to it under section 105(a) of the Bankruptcy Code or Bankruptcy Rule 9024 and Civil Rule 60(a), Park Place respectfully requests that, as an alternative to reopening the Bankruptcy Case under section 350(b), the Court clarify its Dismissal Order to provide that the Bankruptcy Case be reopened for the sole purpose of adjudication of the Fees and Damages Motion.

> **B.     Alternatively, Pursuant to Civil Rule 60(b) and in the Interest of Justice, this Court Should Clarify the Dismissal Order to Reopen the Case For the Sole Limited Purpose of Adjudication of the Fees and Damages Motion.**

26.     While Park Place asserts that relief can and should be granted under section 105(a) and the Court's inherent authority or Bankruptcy Rule 9024 and Civil Rule 60(a) to clarify the Dismissal Opinion and Dismissal Order to allow the case to be reopened and the Fees and Damages Motion to be adjudicated, the same relief can be granted under Bankruptcy Rule 9024 and Civil Rule 60(b).

27.     Civil Rule 60(b) provides:

>(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>(1) mistake, inadvertence, surprise, or excusable neglect; . . . or
>(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1), (6).  Additionally, "motions under Rule 60(b) must be made within a reasonable time . . . ." FED. R. CIV. P. 60(c)(1).  "The purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done [and] . . . the decision to grant or deny relief pursuant to Rule 60(b) is committed to the discretion of the trial court." *In re Energy Future Holdings Corp.*, 575 B.R. 616, 629 (Bankr. D. Del. 2017) (internal quotation marks omitted).  "The reasons for vacating a closure order . . . are similar to the reasons for reopening a case for cause.  Further, the court can provide relief [under Bankruptcy Rule 9024] from an order closing the case if the order will result in injustice." *Redmond v. Kopp (In re Kopp)*, 383 B.R. 179, 186-87 (Bankr. D. Kan. Feb. 28, 2008).  Although courts have found that "'extraordinary circumstances' must be present to justify the use of Rule 60(b) to vacate the judgment[,]" *Energy Future Holdings*, 575 B.R. at 630:

>this standard typically is employed when a litigant is seeking to modify the substantive terms or is seeking to vacate the entirety of a final order. At least one court has suggested that the standard under Rule 60(b)(6) for a clarification of a final order may be less stringent: "While the key purpose of Rule 60 is to allow the district court to relieve the parties from the mandate of a judgment previously rendered . . . **the Rule is also utilized** to provide the parties with a clarification of the court's previously rendered decision." In re FleetBoston Fin'l Corp. Securities Litigation, 2007 U.S. Dist. LEXIS 87425, 2007 WL 4225832, *18 (D.N.J. Nov. 28, 2007);

*Green Goblin, Inc. v. Simons (In re Green Goblin Inc.)*, 2013 Bankr. LEXIS 574, *10-13, n. 6 (Bankr. E.D. Pa. Feb. 13, 2013) (emphasis in original) (granting clarification motion under Civil

15

Rule 60(b)(6) without regard as to whether there were extraordinary circumstances present or pursuant to the court's inherent authority or authority under section 105(a)).

28. In this case, Bankruptcy Rule 9024, incorporating Civil Rule 60(b), provides this Court with a basis to clarify the Dismissal Opinion and Dismissal Order to allow the case to be reopened and the Fees and Damages Motion to be adjudicated. First, this Motion was filed within a reasonable period as it was filed 35 days after the Clerk formally, without advance notice, closed the Bankruptcy Case. Additionally, whether this Court applies the less stringent standard for clarification of its orders as recognized by *Green Goblin*, the traditional extraordinary circumstances standard, or the Court's inherent authority or authority under section 105(a) of the Bankruptcy Code, such standard is satisfied here. Because of the Motion to Dismiss record, the conflicting interpretations of the Dismissal Opinion and Dismissal Order, and the Court's statements at the Status Conference that it did not intend to grant or deny Park Place's request for attorney's fees, costs, and damages as sought in the Motion to Dismiss—all as addressed in more detail in this Motion, *supra* ¶¶ 17, 24, 25—it is clearly in the interest of justice for the Court to clarify the Dismissal Opinion and Dismissal Order as to how Park Place's request for attorney's fees, costs, and damages was, and is, to be addressed.

## **NOTICE**

29. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) the Petitioning Creditors or their counsel; and (iii) all entities who filed a request for service of notices in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Park Place submits that no other or further notice of this Motion is necessary or required.

## **CONCLUSION**

WHEREFORE, Park Place respectfully requests the entry of the Proposed Order, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: December 8, 2021  **TROUTMAN PEPPER HAMILTON SANDERS LLP**
Wilmington Delaware

*/s/ Marcy J. McLaughlin Smith*
Marcy J. McLaughlin Smith (DE 6184)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
E-mail: marcy.smith@troutman.com

-and-

Gary W. Marsh (admitted *pro hac vice*)
600 Peachtree Street, NE
Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-2618
Facsimile: (404) 962-6983
Email: gary.marsh@troutman.com

*Counsel to Park Place Development Primary, LLC*